EX PARTE HALEY.

1. **Attachment**: RECEIVER : CHANGE OF VENUE : POWER OF COURT TO PUNISH FOR CONTEMPT. A change of venue in a suit by attachment carries the whole cause, and every incident belonging to it, to the court to which the cause is transferred, the same as if it had originated in the latter court, and it has jurisdiction of a receiver appointed in the cause by the court in which it originated.

2. ———: ———: ———: ———. The receiver is an officer of the court to which the cause was transferred, and is required to report his proceedings to that court, and for failure or refusal to obey its orders he is guilty of contempt for which it may commit him.

*Habeas Corpus.*

PRISONER REMANDED.

*W. H. Morrow* for petitioner.

(1) A receiver can only be called to account by the court appointing him; and is not subject to the orders of any other jurisdiction. *Henry v. Kaufman,* 24 Md.

1; *Conkling v. Butler*, 4 Bissell, 22; *Walker v. Morris*, 14 Georgia, 323. (2) And only the court which appointed him can divest him of the trust which it imposed upon him. *Galster v. Syracuse Savings Bank*, 29 Hun. 594. (3) If it were so that the Ralls circuit court acquired jurisdiction of the subject-matter of the Haley receivership by the change of venue of the Estes-Fry attachment suit to that court, it did not thereby acquire jurisdiction of the person of the receiver, so as to proceed against him, as for contempt, without service of process within the territorial jurisdiction of the court or by his voluntary appearance to the contempt proceedings.

*D. A. Ball contra.*

SHERWOOD, J.—Estes brought suit by attachment in the Louisiana court of common pleas in Pike county, against Jacob Fry. The petitioner was appointed receiver by that court, and in that capacity, from the sale of growing crops attached as the property of Fry, collected, exclusive of commissions, $400.91. After the appointment of the receiver the cause was removed to St. Charles county, and finally to Ralls county, where the attachment suit was abated, and the receiver, upon the order of the circuit court for the last-named county, filed his report, showing the balance in his hands to be the sum aforesaid.

Thereupon that court ordered him to pay that amount to the personal representatives of the deceased defendant. This order, though duly notified thereof, he failed to obey without offering any excuse for such failure. Upon this, the attorneys of the personal representatives of the defendant served a notice on the petitioner, notifying him that they would move for an attachment against him for failing to obey the order of the court. Some three weeks thereafter, the petitioner,

having failed to appear, pursuant to the notice, and having continued to fail to comply with the previous order of the court, that court made an order reciting in detail the facts aforesaid, adjudged him guilty of a contempt, directed an attachment issue against him, and that he be confined in the county jail unless he should, on or before the fifteenth of October next thereafter, purge his contempt by complying with the order to pay over the money in his hands, and requiring the sheriff to confine him in the jail until he obeyed.

The order last named was duly served on the petitioner on the first day of November, 1889, the sheriff made demand upon him for the payment of the money, and, still declining to pay, he was on the eleventh day of that month attached and committed to prison, from which he seeks to be released by the present writ.

The transfer of the cause by change of venue took with it the whole cause, and every incident belonging thereto, to the Ralls circuit court, just the same as if the cause had originated in that court. Not a shred or patch of jurisdiction over the cause, or any of its incidents, was left in the Louisiana court of common pleas. The jurisdiction of the Ralls circuit court was therefore complete over the petitioner. Having failed to obey the orders of the court, he became guilty of a manifest contempt by such disobedience. He was an officer of the court to which the cause was transferred. He was required to report his proceedings to that court, and "to hold the moneys collected, and all property received by him, subject to the order of court." R. S. 1879, sec. 430.

The court dealt very leniently with him. It chose to give him notice before making the final order committing him; it gave him ample time and space for obedience of its final order. There was therefore only one course left for the court to pursue, in order to maintain itself, and the respect due to its orders.

The judgment of that court committing the petitioner to jail, being in conformity to law (R. S. 1879, sec. 2648), we shall remand him, and it is so ordered. All concur; BARCLAY, J., in the result.