OF THE

## STATE OF MISSOURI

AT THE

APRIL TERM, 1912.

'(*Continued from Volume 244.*)'

THE LITTLE RIVER DRAINAGE DISTRICT, J. H. HIMMELBERGER et al., Appellants, v. T. E. TOMLINSON et al.

In Banc, July 2, 1912.

DRAINAGE DISTRICT: Extending Limits: Ancillary Proceeding: Jurisdiction. The circuit court of the county to which a cause was removed by change of venue, from the county in which the proceeding for organizing and incorporating the drainage district was begun, has jurisdiction of an ancillary proceeding to enlarge the district to include other wet and overflowed adjacent lands, begun after the court to which the cause was taken had organized the district. The change of venue carried with it the entire cause, and left nothing to be done by the court from which the change was taken.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

REVERSED AND REMANDED.

245 Mo.]          (1)

*Oliver & Oliver* for appellants.

(1)  The General Assembly of this State has the inherent right to incorporate drainage districts directly.  It also has the power to delegate to the circuit courts of this State, as its agent, the right to incorporate such districts.  It has the right to designate what particular courts in the State should be possessed with the power and jurisdiction of incorporating drainage districts, and how long such courts should retain jurisdiction over the corporations thus created.  St. Louis v. Russell, 9 Mo. 507; St. Louis v. Allen, 13 Mo. 400; Giboney v. Cape Girardeau, 58 Mo. 141; Kelley v. Meeks, 87 Mo. 396; Levee Co. v. Harden, 27 Mo. 495; Columbia Bottom Co. v. Meier, 39 Mo. 53; Morrison v. Morey, 146 Mo. 561; Land & Stock Co. v. Miller, 170 Mo. 240; Pryor v. Construction Co., 170 Mo. 451; Laws 1859, p. 60; Laws 1879, p. 132; Sec. 5496, R. S. 1909; Laws 1905, p. 190; Drainage District v. Railroad, 139 S. W. 330; Ross v. Board, 1 L. R. A. (N. S.) 431; Hagar v. District, 66 Cal. 54; Hagar v. District, 111 U. S. 701.   (2) The statute provides that the owners of a majority of acreage in any contiguous body of swampy or overflowed lands in this State, situated in one or more counties, may form a drainage district for the purpose of having such lands drained and reclaimed and protected from the effects of water, by making and signing articles of association, and filing them in the office of the clerk of the circuit court in the county in which there are situated more of the lands of said district than in any other county.  R. S. 1909, Sec. 5496; Land Co. v. Miller, 170 Mo. 240; Drainage District v. Railroad, 139 S. W. 330.   (3) The statute further provides that the circuit court in which the petition and articles of association are filed shall thereafter maintain and have exclusive jurisdiction of said drainage district, without regard to county lines, for all the purposes

arising under Art. 1, Ch. 41, of said statute. This re-
quirement of the statute is reasonable and just, as it
prevents the splitting up into many fragments that
which ought to be kept of necessity as a unit. Its con-
stitutionality and wisdom have been approved in other
forums. R. S. 1909, Sec. 5497; District v. Richardson,
139 S. W. 581; Shaw v. Whitmore, 97 Ind. 23; Crites
v. State, 97 Ind. 389; Reclamation District v. Hagar,
66 Cal. 54; Meranda v. Spurlin, 100 Ind. 380; Hudson
v. Bunch, 116 Ind. 63; Buchanan v. Roeder, 97 Ind.
605; Hagar v. District, 111 U. S. 701; Dredge Works
v. Board, 85 N. E. 1. (4) The original petition and
articles of association of the Little River Drainage
District were first filed in 1905 in the office of the clerk
of the circuit court of New Madrid county because that
county had in it more lands in the district than did
any other county. But later the venue was changed
from the circuit court of New Madrid county to the
Butler Circuit Court. The Butler Circuit Court there-
fore became possessed of the same jurisdiction and all
of the jurisdiction and power that was originally
vested in the New Madrid Circuit Court, "leaving not
a shred or patch of jurisdiction over the cause or any
of its incidents" in the New Madrid Circuit Court.
So that on Nov. 30, 1907, when the circuit court of
Butler county, adjudged and decreed the Little River
Drainage District to be a public corporation of this
State, that court was possessed of exactly the same
jurisdiction that was originally conferred by the stat-
ute upon the New Madrid Circuit Court. R. S. 1909,
Secs. 1935 and 5497; Drainage District v. Richardson,
139 S. W. 576; Ex parte Haley, 99 Mo. 152; State
ex rel. v. Riley, 203 Mo. 175; Dredge Works v. Board,
85 N. E. 1. (5) The statute, in 1910, provided that
any drainage district organized under the provisions
of Art. 1, Ch. 41, could enlarge its boundaries so as to
include other lands that were wet and swampy if con-
tiguous to the drainage district. It provided that the

board of supervisors of the district may present a petition to the circuit court, praying that the boundaries of the district be extended so as to include the outlying lands, particularly describing such lands and giving the names of the owners thereof. R. S. 1909, Sec. 5500. It will be observed that this section does not in direct terms designate in what "circuit court" the petition for the enlargement of the boundaries of the district shall be filed. But the whole context and spirit of the statute clearly and unmistakably points to the "circuit court" that organized and fixed the boundaries of the district, as the court in which the petition must be filed. A careful examination and study of the entire drainage statute will convince any unbiased mind that the Legislature intended that only one court should have jurisdiction of all questions and proceedings affecting the organization, including the enlargement of the boundaries, management and control of the district—no matter how many counties, nor how many judicial circuits may have lands within the drainage district thus organized. Sec. 5497 not only so declares in the most positive and direct language, but the context of the whole statute is equally clear and positive in declaring the legislative purpose. R. S. 1909, Secs. 5497, 5499, 5506, 5514, 5515, 5516, 5517 and 5518; Drainage District v. Richardson, 139 S. W. 581.

*H. C. O'Bryan* and *Robert A. Anthony* for respondents.

(1) The decree rendered by the circuit court of Butler county incorporating Little River Drainage District and fixing its boundaries, was a final judgment, rendered in a civil cause and from which an appeal to the Supreme Court would lie. State ex rel. v. Riley, 203 Mo. 175; Land & Stock Co. v. Miller, 170 Mo. 240; Drainage District v. Railroad, 139 S. W. 330.

(2) The said decree of incorporation being a final judgment and answering fully the prayer of the petition and authority granted by the statute, the power and authority vested in the circuit court of Butler county by virtue of the change of venue from New Madrid county, became exhausted, and it possessed no jurisdiction over causes arising after the incorporation of said district. R. S. 1909, Art. 1, Ch. 41. (3) This proceeding to enlarge and extend the boundaries of Little River Drainage District is not ancillary to the action brought to incorporate the district, nor is it designed to effectuate or change the incorporating decree, therefore the action was improperly brought in the Butler Circuit Court. Cole v. Cole, 89 Mo. App. 228; Oglesby v. Antull, 12 Fed. 227. (4) After a change of venue it is true that a pleading may be amended, new parties may be brought in, a supplemental petition may be filed and new summons may issue, but the subject matter of the action must remain the same or the court to which the cause has been removed will have no jurisdiction. R. S. 1909, Sec. 1933; Fears v. Riley, 148 Mo. 49. (5) The institution of this action to enlarge and extend Little River Drainage District as originally incorporated, and to take in lands not embraced in the original corporate limits, cannot be considered as an amendment of the "articles of association," nor a move to add new parties to the action brought to incorporate, nor a supplemental petition to such action. The subject matters of the two actions are radically different; not a particle of the land described in the action to enlarge was embraced in the original petition or articles of association brought for the purpose of incorporating the district. The parties to the two actions are entirely different. In the action brought to incorporate there were certain petitioners and landowners of the proposed district against all other landowners of such proposed district who refused to join with the peti-

tioners. In the action now before the court brought
to enlarge and extend the boundaries of the district,
the corporate entity, Little River Drainage District,
incorporated since the institution of the original ac-
tion, is the plaintiff, and the owners of lands lying
adjoining and outside the boundaries of said district
whose rights so far as said lands are concerned are
for the first time brought in question, are the defend-
ants. (6) By the general law, if this be regarded as
a personal action, defendant Tomlinson was entitled
to be sued in the county of his residence, or the county
of the residence of the plaintiff. Neither resided in
Butler county. R. S. 1909, Sec. 1751. (7) If this action
is to be considered as one which may ultimately affect
the title to Tomlinson's real estate, then it should
be brought in the county within which such real es-
tate is situated. R. S. 1909, Sec. 1753. (8) It must
be conceded that an action brought under Art. 1, Ch.
41, to incorporate a drainage district, is a distinct
civil suit and from a decree rendered in such an action
an appeal will lie. Therefore, the judgment and de-
cree rendered is final as to that action. So a decree
and judgment confirming the report of commissioners
appointed under the provisions of Sec. 5518 is final.
Under that section and by decree of the court bene-
fits may be fixed, damages assessed and land and
other property condemned for the purposes of the
district. The effect of such decree is to impose special
burdens upon individuals and corporations owning
property within the district, hence the right of ap-
peal from a judgment and decree confirming the re-
port of commissioners exists under the general law
whether given or not by Art. 1, Ch. 41. The appeal
lies because burdens are imposed upon the property
of citizens. Appeals have been allowed from judg-
ments of the circuit court in condemnation proceed-
ings under the charter of St. Louis, notwithstanding
that there is no provision of the charter providing

for an appeal. Drainage Dist. v. Jamison, 176 Mo. 564; Railroad v. Lackland, 25 Mo. 515; Bridge Co. v. Schaubacker, 49 Mo. 555; Ring v. Bridge Co., 57 Mo. 496; Railroad v. Campbell, 62 Mo. 585; Railroad v. Brick Co., 85 Mo. 323; St. Louis v. Thomas, 100 Mo. 223; In re Big Hollow Road, 111 Mo. 326.

GRAVES, J.—The facts of this case are few and undisputed, and are correctly stated by counsel for the appellants in the following language:

"This is a proceeding for the enlargement of the territorial limits of the Little River Drainage District, under Sec. 5500, R. S. 1909.

"The petition or articles of association, praying for the incorporation of the Little River Drainage District, were first filed in September, 1905, in the office of the clerk of the circuit court of New Madrid county, that county having a larger area of wet and overflowed lands situated within its limits than any other county in said district.

"Afterwards, in 1906, by an order of the circuit court of New Madrid county, the venue in said cause was changed from the circuit court of that county to the circuit court of Butler county, Missouri.

"Afterwards, on the 30th day of November, 1907, the circuit court of Butler county, Missouri, duly declared and decreed the Little River Drainage District a public corporation of this State.

"Subsequent to its incorporation, the landowners of the district met, upon the call of the clerk of the Butler Circuit Court, organized by electing John H. Himmelberger, Alfred L. Harty, Charles W. Henderson, A. J. Matthews and S. P. Reynolds supervisors of said district.

"The supervisors organized themselves into a board by electing John H. Himmelberger, president, and A. J. Matthews, secretary. The board of supervisors then appointed a chief engineer and two as-

sistant engineers, who in due time made a complete topographical survey of the lands within the drainage district for the purpose of ascertaining and determining the most economical, feasible and practical way of reclaiming the lands in said district from the effects of overflow and damage by water.

"After these surveys, maps and profiles were made, the board of supervisors employed Isham Randolph of Chicago, and Arthur E. Morgan of Washing City, D. C., then chief of the Bureau of Drainage Investigation of the Department of Agriculture, as consulting engineers, who with the chief and assistant engineers of the district formulated and submitted a plan for draining and reclaiming the lands in said district.

"After a thorough investigation of the plan for drainage, submitted by the engineers, the board of supervisors adopted said plan and caused a copy of the same to be filed in the office of the clerk of the circuit court of Butler county, Missouri, as provided for in Sec. 5514, R. S. 1909, that court having incorporated said district.

"In making the surveys of the lands within the drainage district it was discovered that there were about forty thousand acres of wet, swampy and overflowed lands adjacent and contiguous to the lands embraced within the district, which were also in need of drainage and reclamation. It was also found that the greater part of these lands adjacent to the lands in the district were made wet, swampy and unfit for cultivation by reason of the overflow and the spreading of the waters from the Castor river and other streams flowing down from the hill country, north of said drainage district. It was also discovered by these engineers that these outlying lands could be, and would be improved, reclaimed and made fit for agricultural purposes by preventing the headwaters of the Castor and the other hill streams from flowing

down and over them, and that the 'plan for drain-age' adopted by the board of supervisors would, when executed, improve or reclaim said lands from their wet, swampy and overflowed condition.

"Thereupon the board of supervisors of the Little River Drainage District, for and in behalf of said drainage district, filed in the circuit court of Butler county, Missouri, a petition bottomed upon Sec. 5500, R. S. 1909, setting up the foregoing facts and praying that the boundary lines of the Little River Drainage District, as established at the time of its organization, November 30, 1907, be extended and enlarged so as to include within the limits of the Little River Drainage District all of the outlying wet, swampy and overflowed lands that were contiguous to the lands within the district, and that the lands thus improved and benefited should be subjected to all the assessments and benefits as the lands embraced in the original district.

"Amongst the lands thus sought to be brought within the limits of the Little River Drainage District is 107.06 acres, belonging to this respondent, T. E. Tomlinson, situated in Scott county and being contiguous to and adjoining the eastern boundary of said district.

"At the return term of said cause, to-wit, January term, 1911, of said circuit court of Butler county, Missouri, the respondent, T. E. Tomlinson, appeared and filed a motion to dismiss the plaintiff's petition and cause of action for want of jurisdiction in the circuit court of Butler county, Missouri. The motion was taken up by the trial court on the 11th day of January, 1911, and after a hearing and argument, the court sustained the respondent's motion and dismissed the appellants' cause of action for want of jurisdiction.

"From this ruling and judgment of the trial court, after the filing and overruling of a timely motion for

a new trial, the appellants have prosecuted an appeal to this court.

"The main question that is raised by the record in this case is: 'Which circuit court has jurisdiction to hear this petition of the Little River Drainage Distrct for the enlargement of its boundaries?' The circuit court of New Madrid county, in which the articles of association were first filed, or the circuit court of Butler county, to which said articles of association were subsequently sent by change of venue, and which last court declared and organized said drainage district to be a public corporation of this State, and still retains jurisdiction of said cause?

"The appellants contend that the latter court has sole jurisdiction of the Little River Drainage District without regard to where its articles of association were first filed, and without regard to county and judicial lines; that the statute vests the circuit court organizing the district into a public corporation with jurisdiction for all the purposes that may arise under Art. 1, Ch. 41.

"If appellants are right in their contention, the judgment of the trial court must be reversed; if they are wrong, the judgment of the lower court should be affirmed."

While several elementary propositions are stated and discussed by counsel for both the appellants and respondents, yet as a matter of fact, but one legal question is presented to this court for determination, and that is: Has the circuit court of Butler county the jurisdiction and authority to enlarge the territorial boundaries of the Little River Drainage District, heretofore incorporated and established, by adding thereto the lands mentioned in this, an ancillary proceeding?

It is contended by counsel for appellants that said court possesses said authority, while upon the other hand counsel for respondents deny its jurisdic-

tion and authority to so do. The former contend that this proceeding to enlarge the district is an ancillary or supplemental proceeding to incorporate and establish said Little River Drainage District and consequently must be brought in the circuit court of Butler county, where the original proceeding is now pending, and being a part thereof, cannot be brought elsewhere.

The latter contend that the decree of the circuit court of Butler county incorporating said Little River Drainage District and fixing its boundaries was a final judgment, and having fully answered the purpose and prayer of the petition filed therein, the power and authority of that court became exhausted, and possessed no further jurisdiction over the cause, or any subsequent or supplementary proceeding which might arise out of or be connected therewith. In other words, the change of venue from the New Madrid Circuit Court to the Butler Circuit Court, did not carry the entire cause to the latter court, but only the authority to incorporate the district and fix its boundaries, and when that was done, the jurisdiction of the circuit court of Butler county ceased and that the parties should then have returned to the circuit court of New Madrid county and prosecuted all further proceedings, including this proceeding to enlarge the district, in the latter court.

That precise question was presented to this court, in Banc, in the case of Little Tarkio Drainage District No. 1 v. Richardson, 237 Mo. 49, and after a most careful consideration of the question and all the statutes bearing on it, we hold against the contention here of counsel for the respondents; that is, that the change of venue carried the entire cause of action to the court to which the change had been sent, and that all proceedings of every kind and character should have been had and prosecuted in the latter court.

No valid reason has been shown why we should depart from the rule there announced. We were then, and are now, of the opinion that the change of venue carried with it the entire cause, and left nothing whatever to be done by the court from which the change was taken, and that all subsequent proceedings must be had in the court to which the change of venue had been taken.

We are, therefore, of the opinion that the judgment of the circuit court dismissing appellants' petition should be reversed, and the cause remanded. It is so ordered.

All concur, except *Valliant, C. J.*, absent.