## THE STATE ex rel. G. I. REEDER et al. and INTERRIVER DRAINAGE DISTRICT v. J. P. FOARD, Judge of Circuit Court.

**In Banc, July 3, 1916.**

1. **PROHIBITION: Motion for Judgment on Pleadings: Facts Taken as True.** In prohibition, where respondent has filed a return to the preliminary rule to show cause why the writ should not go, and relator has filed a motion for judgment on the pleadings, the facts are to be gathered from the return in so far as the facts therein stated contravene the statements of relator's petition. In such case the motion will be taken as admitting all facts well pleaded in the return.

2. **CHANGE OF VENUE: Drainage District: Exceptors for Self and Others.** It is immaterial whether the affidavit for a change of venue alleging that the judge is disqualified because an interested party, filed by an exceptor to the report of the commissioners appointed to assess damages and benefits for a drainage district, is made for himself alone or for himself and others. If the affidavit is good as to the one exceptor and is timely filed, it precludes further action by the judge. This is true because the drainage law contemplates that all exceptions to the report of the commissioners as to damages and benefits should be considered by the same court, and that the one court will hear the exceptions and modify the report, and after modification confirm it by one final order of confirmation.

3. **———: ———: Untimely Filed: After Report of Commissioners.** The law contemplates that the organization of a drainage district is one continuous proceeding until ɪch time as the report of the commissioners is confirmed. Therefore, an application for a change of venue, charging that the judge is an owner of land within the district and being an interested party is prejudiced, filed after exceptions to the report of the commissioners has been filed, is too late, and cannot be allowed. To be in time it must be made before the beginning of the trial.

4. **———: ———: Prejudice of Judge: Interested Party: No Exceptions.** An affidavit for a change of venue, filed by an exceptor to the commissioners' report, charging that the regular

judge, since the organization of the drainage district embracing 127,000 acres, has become the owner of sixty acres therein, but containing no averment that there is any exception that the assessment of benefits against the judge's land is either too high or too low, does not show that anything is pending before him as to his own land, and does ¬ot charge such interest as disqualifies him to hear the exceptions and modify and confirm the report.

## Prohibition.

WRIT DENIED.

*Herbert H. Freer, Oliver & Oliver* and *L. R. Thomason* for relators.

(1) Any interest, "though it be ever so small and trifling," disqualifies the judge. Any order or judgment on the hearing of the exceptions to the commissioners' report that might be entered by the respondent would directly affect his pecuniary interest. Such being true, it was the duty of the respondent to have voluntarily called in some other judge who was not interested. Sec. 1928, R. S. 1909; Priddy v. MacKenzie, 205 Mo. 193; State ex rel. v. Smith, 176 Mo. 97; Dimes v. Canal Co., 16 Eng. L. & Eq. 63, 3 H. L. Co. 759; Earl of Derby Case (1686), 12 Coke, 114; Coke on Littleton, sec. 212; Hesketh v. Braddock, 3 Burr, 1847; Findley v. Smith, 42 W. Va. 299; State v. Call, 41 Fla. 442; Ex parte Cromwell, 144 Ala. 497; Meyer v. San Diego, 121 Cal. 102; Heilbron v. Campbell, 23 Pac. (Cal.) 122; Nalle v. Austin, 85 Tex. 520; State v. Cisco, 33 S. W. 244; Wagon Works v. Melton, 125 S. W. (Ky.) 291; Woodmen of the World v. Hale, 120 S. W. (Tex.) 539; Morrisey v. Gray, 117 Pac. 442; Railroad v. Call, 145 S. W. (Tex.) 1098; 23 Cyc. 575; 12 Am. & Eng. Ency. Law, p. 40; Pierce v. Atwood, 13 Mass. 339; Stockwell v. Town Board, 22 Mich. 345; Mining Co. v. Kieser, 58 Cal. 315; Priddy v. MacKenzie, 205 Mo. 195. All

exceptions filed by said landowners to the report of the commissioners in assessing benefits are tried by the court sitting as a jury. The decreasing of the assessed benefits or the refusal to lower the assessed benefits upon other landowners will increase or decrease the amount of taxes levied and assessed upon the respondent's lands in exact proportion as the changes are made, and, therefore, respondent is pecuniarily and directly interested. Any, even the slightest, pecuniary interest in the result renders the judge incompetent to sit. Steamboat Co. v. Livingston, 12 Cowan, 724; Hawes v. Humphrey, 20 Am. Dec. 381; Peck v. Freeholders, 20 N. J. L. 457. (2) The filing of the application for the change of venue duly verified and in proper form, made it mandatory on the respondent to grant the application, and call in another judge to hear the further proceedings. Douglas v. White, 134 Mo. 233; Gee v. St. Louis Ry. Co., 140 Mo. 318; State ex rel. v. Clenton, 128 Mo. App. 304; Railway v. Fowler, 113 Mo. 469; Dowling v. Allen & Co., 88 Mo. 300. (3) The granting of the application carries with it the entire case. The entire number of exceptions must be heard by one judge —to permit a number of judges to hear the various exceptions and modify the commissioners' report as to them might seem proper would result in having the report measured by as many different rules as there were judges, and the ultimate result would be a modified report wholly out of proportion and unfair to the landowners. The whole intent of the drainage statute is to keep the hearing of the exceptions in one forum and before a judge who is not disqualified. Art. 1, chap. 41, R. S. 1909; Drainage District v. Tomlinson, 245 Mo. 11; State ex rel. v. Sheppard, 245 Mo. 64; Drainage Dist. v. Richardson, 237 Mo. 64; State ex rel. v. Riley, 203 Mo. 191; State ex rel. v. Haley, 99 Mo. 152; Fears v. Riley, 148 Mo. 61; Laws 1913, p. 241.

*D. W. Hill, L. M. Henson, Abington & Phillips, Whaley & Ing, Leslie C. Green, Sheppard & Sheppard, Mozley & Woody, John A. Gloriod* and *H. R. Polak* for respondent.

(1) The organization of a drainage district, under the drainage laws of this State, is one proceeding, and one case, regardless of the number of exceptions which may, during its progress, incidently be filed to the report of the commissioners. Drainage District v. Tomlinson, 245 Mo. 11; State ex. rel. v. Sheppard, 245 Mo. 64; Drainage Dist. v. Richardson, 237 Mo. 64; State ex rel. v. Riley, 203 Mo. 191. (2) The exceptions filed to the report of the commissioners are a mere continuation of the case, and are simply auxiliary or ancillary thereto, and exceptors to said report cannot take a change of venue. Sutton v. Cole, 155 Mo. 206. (3) In a drainage proceeding no change of venue can be had after the decree organizing the district is rendered. Drainage Dist. v. Richardson, 237 Mo. 49. (4) The remote contingent interest of respondent will not disqualify him to hear the exceptions in this case. 23 Cyc. 579. (5) Even if this court should hold that relators' affidavit for a change of venue was timely filed, the trial court could only award a change of venue to the exceptors whom Reeder had authority to represent, and after such exceptions had been heard, Hon. J. P. Foard, regular judge, would have full jurisdiction. Laws 1913, p. 252, sec. 34.

GRAVES, J.—Original action in prohibition. The respondent filed return to our preliminary rule to show cause why our writ of prohibition should not go, and relators have filed a motion for judgment on the pleadings. In such a case the facts must be gathered from the return in so far as the facts therein stated contravene the statements of relators' petition. In

other words, the motion for judgment filed by relator is taken as admitting all well pleaded facts in the return. Gathering the facts of the case, with this rule in view, they are about as follows:

Proceedings were regularly instituted in the Butler Circuit Court for the incorporation of relator, "Inter-River Drainage District." Of this court the respondent, Hon. J. P. Foard, was then and is now, the judge. The proceeding went along regularly until the relator, "Inter-River Drainage District," was duly organized by final decree of said court. Up to this point in the proceeding the Hon. J. P. Foard owned no lands in the drainage district. After the decree of organization and before the report of the commissioners, the respondent acquired by purchase a small tract of land (sixty acres as we recall) in the district. The commissioners to assess the damages and benefits were appointed by respondent, and their report has been filed. Afterward a great number of exceptions to this report were filed, and among them the exceptions of relators G. I. and G. L. Reeder. These exceptions were due for trial at the April term, 1915, of said court, but owing to sickness in the family of the judge of the court, passed over until the July term following. At the July term relator G. I. Reeder filed his amended affidavit for a change of venue in which he charged:

"That at the time of the organization of said district the Honorable J. P. Foard, Judge of the Circuit Court of Butler County, Missouri, did not own any of the lands within said district, but that since the date of the decree and judgment incorporating the said Inter-River Drainage District, the said J. P. Foard, judge of this court, has acquired some of the land within said district and is now the owner thereof.

"Your affiant further represents and states to the court that the report of the commissioners assess-

ing benefits and damages to the land and property within said district has been filed in this court and that there is now pending and undetermined a large number of exceptions and objections to the report of said commissioners, and that among the said exceptions and objections there is undetermined and pending an exception and objection filed by affiant to said commissioners' report.

"Your affiant further represents and states to the court that he has good cause to believe and does believe and charges that he cannot have a fair and impartial trial of his exceptions and objections to said commissioners' report assessing benefits and damages to his said lands and property within said district before the said Honorable J. P. Foard, Judge of the Circuit Court of Butler County, Missouri, *and that none of the other defendants and exceptors to said report can have a fair and impartial trial before the said judge for the following reasons*:

"1. That the said J. P. Foard is interested in the formation of said Inter-River Drainage District and is interested in the result of any judgment or order that might be rendered on the hearing of the exceptions and objections so filed by this affiant and all other persons. filing objections and exceptions to said report.

"2. That the said judge is biased and prejudiced in favor of the opposite party, the drainage district, the plaintiff, and against this defendant and other defendants.

"3. That the opposite party, the plaintiff drainage district, through its officers and employees, has an undue influence over the mind of the said judge."

The return of respondent touches the matter which we have italicized above, i. e. whether or not relator Reeder was authorized to speak for the other exceptors. The return reads:

"That at the time G. I. Reeder filed the application for change of venue it was denied orally and in writing in said circuit court that G. I. Reeder had any authority to represent any exceptor other than himself and wife in making affidavit for change of venue, and that counter affidavits are on file in said circuit court to the effect that the following part of G. I. Reeder's affidavit is false and untrue, . . . and that none of the other defendants or exceptors to said report can have a fair and impartial trial before the said judge."

The question of fact whether or not G. I. Reeder had authority to represent other exceptors in making such affidavit is still pending and undetermined in said circuit court, and all exceptions were ordered docketed at the foot of the October, 1915, docket of said court, so that evidence might be offered on that question, which would enable the court to determine the question of fact whether said exceptor represented the other exceptors in this case.

"Respondent further states that the announcement referred to in relators' petition as having been made on the 9th day of August, 1915, stating the intended ruling of the court upon this application for change of venue, which forms the basis for relators' petition, was contained in a letter on said date to counsel for relators in this case, a carbon copy of which is hereto attached and marked, 'Respondent's Exhibit A.'

"Respondent further states again, as stated in the letter above mentioned, that it is impossible to say what the ruling of the court will be on this application except in the alternative, depending upon the finding of facts as hereinabove mentioned, that is, if it should be found, as a matter of fact, that the exceptor filed the application representing all other exceptors in the case, it would be the duty of this court to call in another judge, as provided by law, in the

hearing of all exceptions in this case, but, if the facts should be established that exceptor in filing the application represented only himself and wife it would be the duty of the court to make an order calling in a judge from some other judicial circuit of this State to sit and hear the exceptions of G. I. Reeder and wife only, as provided by section 34, page 252, Laws 1913 of Missouri.

"Respondent further states that he is very seriously in doubt whether or not a change of venue at this stage of the proceeding can be granted by the court, under the statutes and decisions of this State.

"Respondent further states that should it be determined that G. I. Reeder, in filing his application for change of venue, represented only himself and wife, then and in that event, relator's petition fails to state facts sufficient to justify the issuing of the writ of prohibition herein.

"Respondent further states that the only purpose of said circuit court of Butler County in his rulings in this case is to faithfully and honestly follow the law in such cases made and provided, and to do justice and equity to all parties interested in this litigation, and that it is further desired by this court to faithfully abide by and follow all orders and judgment made by Your Honorable Body in the premises."

We have made this statement quite full, to the end that all the disputed matters might clearly appear. The foregoing fully states the case.

I. While it is urged by the respondent that he has under consideration affidavits on file tending to show that Reeder, in making his application, had no authority to speak for any exceptor but himself and wife, we are not impressed with the force of this suggestion. The whole context of the drainage law indi-

Change of
Venue:
Exceptions.

cates · that all objections or exceptions to the report
of the commissioners as to damages and benefits
should be considered by the same court. The pur-
pose is to have the benefits assessed meet the obliga-
tions of the district, which obligations include both
the damages to be paid for property taken or dam-
aged and the cost of the plan of reclamation. If the
plan of reclamation exceeds in cost the benefits found,
the court is not authorized to confirm the report of
the commissioners, and for the very good reason that
the district would not have sufficient funds with which
to do the proposed work. The statute contemplates
that the court may either confirm the report of the
commissioners, or it may upon exceptions filed there-
to, hear such exceptions, then modify the report, and
after modification, confirm it. This would indicate very
strongly that all exceptions should be heard by the
same judge or court, to the end that all modifications
might be entered, and one final order of confirmation
made. In other words, after determining all excep-
tions to the report, the court either confirms the re-
port as filed, or modifies it as may be required by the
judgment upon the several exceptions filed, and then
confirms it. The matter at issue is the confirmation
of the report. The contest is one between the dis-
trict upon one side and the exceptors on the other or
*vice versa.* We have held that a proceeding like this
is a civil suit, within the meaning of our change of
venue law. ·[State ex rel. v. Riley, 203 Mo. 175.]

We think it a reasonable construction to hold that
the exceptors as a class are the opposing parties to
the drainage district in the matter of the confirmation
of this report of the commissioners. And we further
are of opinion that Revised Statutes 1909, section
1931, applies. This section reads:

"One or more of several parties plaintiff or de-
fendant may ask for the change of venue, and if the

change is awarded the entire cause shall be removed, and there shall be no further change of venue awarded on the same side of the suit."

Under this statute the exceptors should be considered as the opposing parties, just as we would consider two or more defendants the opposing parties. It is the exceptors, as a class, who are opposed to the confirmation of the report in this case, and the drainage district which favors its confirmation. Under this statute as to change of venue in other civil cases, we hold that if one exceptor is granted a change of venue, the whole controversy as to the confirmation of the report should go to the court to which the change is granted. This of course would carry all other exceptors to such court. So, in the case at bar, it is immaterial whether the affidavit is in behalf of Reeder alone, or in behalf of him and other exceptors. If the affidavit is good as to Reeder, and was timely filed, it precludes further action by the respondent, and our writ should go.

II. The affidavit of prejudice upon the part of the judge was such as to divest jurisdiction, if it were filed in time. This is the serious question in this case.

We are of opinion that in so far as the charge of prejudice is concerned, the matter now under discussion, the affidavit for change of venue was not timely filed. The law contemplates that the organization of a drainage district is one continuous proceeding until such time as the report of the commissioners is confirmed. It is not until then that the corporate entity is fully authorized to proceed with the work of reclamation. It being one cause of action, or one continuous proceeding, the affidavit of prejudice should have been filed before the judge began actual work on the case. This dates back to the hearing on the question of incorpor-

*Timely Filed.*

ation. I was first impressed with the idea that the incorporation part of the proceeding should be considered as one proceeding or case, and all subsequent matters thereafter should be considered as another and different proceeding. But we did not so rule in the case of Tarkio Drainage District v. Richardson, 237 Mo. 49. It will be noted that the writer here declined to express an opinion in that case. Later, however, in Drainage District v. Tomlinson, 245 Mo. l. c. 11 and 12, I cited with approval the Tarkio Drainage District case, supra. The effect of these rulings have been to classify such a proceeding as one continuous proceeding from the filing of the petition for incorporation to the confirmation of the report of the commissioners. And after all this looks reasonable. The purpose of the proceeding is to provide for the execution of a plan of reclamation, and the organization of the district and the confirmation of the report of the commissioners are but distinct steps in the one general proceeding. On this theory of the law this application for a change of venue on the ground of the prejudice of the judge comes too late. It would be a hazardous doctrine to say that after a judge had partially heard a case, a party thereto could stop that hearing by procuring a change of venue upon the ground of prejudice of the judge, then actually trying the case.

Under our previous holdings as to the character of this proceeding this application, in so far as the prejudice of the judge is concerned, comes too late. It therefore did not divest jurisdiction of the respondent. The whole matter turns upon the matter of the proceeding, from the filing of the petition to the confirmation of the commissioners' report, being one case or one continuous proceeding. This view seems to have the approval of this court in the two cases cited, supra, and it would serve no good pur-

pose to change faces now. We therefore hold that on the ground of prejudice upon the part of the trial judge the application was not timely filed, and did not, for that reason, oust jurisdiction.

III. As to the ground of the application, viz., that since the organization of the district the respondent has purchased lands in the district, a rather peculiar situation is developed. The application for our writ charges:

"That on the 15th day of December, 1913, since the decree incorporating and organizing said drainage district was rendered by the Honorable J. P. Foard, Judge of the Circuit Court of Butler County, Missouri, he acquired by purchase sixty acres of land within said district; that said lands will be benefited by the construction and maintenance of works and improvements provided for in said Plan for Reclamation and have been assessed benefits by said commissioners; that neither the officers and employees of said drainage district nor the commissioners, who assessed benefits and damages to the lands within the district, had any knowledge whatsoever that the Honorable J. P. Foard was the owner of any land within the district until after said commissioners' report had been filed."

The return, as will be observed, makes no denial of this matter. The petition further avers that there are 127,000 acres of land in the district, and does not aver that there is any exception upon the part of respondent to the benefits charged to respondent's sixty acres of land. In other words, he does not urge that the benefits assessed are too high, nor do the petitioners, one of them being the district itself, aver them to be too low. The matter before the respondent as judge of the court is simply the confirmation of the commissioners' report. After hearing the exceptions, he may modify it and then confirm it, but nothing is now pending before him, as to

his own land.  This for the reason that no one challenges the judgment of the commissioners as to this tract of land.  It thus appears that the alleged interest of Judge Foard is so  very remote and so infinitesimally small, that it would be hard to say that he was so interested as to disqualify him under our statute, Revised Statutes 1909, section 1928.

But beyond this it must be said that the right to change of venue is purely statutory.  We have held that this proceeding is one continuous proceeding, and it stands admitted that respondent was not disqualified when he began the case.  Under our statute, section 1929, Revised Statutes 1909, an application for a change of venue must be made before beginning of the trial.  In this it seems that the application comes too late.  But be this as it may, it is clear that the pleadings here do not show such an interest in the matter now pending before Judge Foard, as to disqualify him.  The matter now pending is the exceptions to this report, and his interest is in no wise involved by exceptions.

Our preliminary rule should be quashed and. our writ of prohibition denied.  It is so ordered.  *Walker* and *Blair, JJ.*, concur; *Faris* and *Revelle, JJ.*, concur as to paragraphs one and two and in result.  *Woodson, C. J.*, absent; *Bond, J.*, not sitting.