STATE OF MISSOURI at the Relation of UNION ELECTRIC LIGHT AND POWER COMPANY, a Corporation, Relator, v. LESLIE A. BRUCE, Judge of the Circuit Court of Johnson County.—66 S. W. (2d) 847.

Division Two, December 20, 1933.

*Baker, Botts, Andrews & Wharton* and *Edgar Shook* for relator.

*Poague, Silver & Poague, C. A. Calvird, Jr.,* and *Ross E. Feaster* for respondent.

314

WESTHUES, C.—Relator filed its petition in this court praying that a writ of mandamus be issued to compel the Hon. Leslie A. Bruce, Judge of the Seventeenth Judicial Circuit, to proceed to the trial of a certain issue growing out of a condemnation suit. The condemnation suit was filed, by relator, in the Circuit Court of Henry County against C. W. and May French, husband and wife. The condemnation proceedings progressed in the regular way in the Circuit Court of Henry County and a judgment condemning the land was entered. Relator, plaintiff in the condemnation suit, filed written exceptions to the report of the commissioners assessing damages and asked for a jury trial upon that issue. Relator also filed an application for a change of venue. The application was granted and the cause transferred to Johnson County in the Seventeenth Judicial Circuit. Defendants in the condemnation suit filed a motion in the Johnson County Circuit Court asking that the case be remanded to the Circuit Court of Henry County upon the ground that the Circuit Court of Henry County was without authority to grant a change of venue. This motion was sustained and the relator filed the present proceedings in this court.

Relator contends that the defendants in the condemnation suit waived their right to object to a change of venue, if any they had, because no objection was made or exceptions saved to the order granting the application; also that defendants submitted themselves to the

jurisdiction of the Circuit Court of Johnson County by filing a motion in that court previous to the motion filed to remand the case. We will forego a discussion of the question of a waiver and dispose of the case upon the question presented by respondent, that the Circuit Court of Henry County was without power to grant a change of venue in a condemnation suit after the case had progressed to the point of filing exceptions to the report of commissioners assessing damages.

■ The cases of State ex rel. Reeder v. Foard, 268 Mo. 300, 188 S. W. 71, and In re Little River Drainage Dist. v. Tomlinson, 245 Mo. 1, 149 S. W. 454, are cited in support of this contention. Those cases were proceedings to establish drainage districts, under what is now Article 1, Chapter 64, Revised Statutes 1929 (Mo. Stat. Ann. p. 3462). The Drainage District Act has a change of venue law all its own. Section 10777 of the act provides:

"No change of venue shall be allowed in any of the proceedings had under the provisions of this article, except where the judge of the court in which the articles of association have been filed shall be disqualified for any of the reasons stated in the statute of this State relating to the change of venue in civil cases. . . ."

This provision applies only to proceedings to establish drainage districts as provided for in the act. Being a special statute, applicable only to proceedings under the Drainage District Law, it cannot be grafted upon other condemnation proceedings. This is in harmony with the plain wording of the statute. It was held in State ex rel. v. Knight, 26 S. W. (2d) l. c. 1016, 224 Mo. App. 761, that the provision in Section 10777, restricting changes of venue, did not apply to a mandamus suit against the officers of a drainage district organized under the act. It was said in State ex rel. Scott v. Trimble, 308 Mo. 123, 272 S. W. l. c. 68 (2):

"The Drainage Act is a code unto itself in respect to the manner of organization of drainage districts, the condemnation of lands by such districts, and the review of proceedings had under the act."

There is good reason for the restriction of the change of venue law in the Drainage District Act. The whole scheme of the law is based on the theory that the organization of a drainage district shall be under the supervision of the circuit court. In the organization of such a district the circuit court, under whose supervision it is being organized, must take into consideration the amount of damages awarded and benefits assessed in making its order authorizing the district to proceed with the work of reclamation or the dissolving of the district. [Sec. 10781, R. S. 1929.] The payment of the award of the commissioners does not divest title. [State ex rel. v. Trimble, 308 Mo. 123, 272 S. W. 71, (9-11).] ■ In a proceeding by condemnation, such as relator in this case instituted, the payment of the award into court divests title. [Sec. 1344, R. S. 1929; Ry. Co. v. Pfau, 212 Mo. 398, 111 S. W. 10.]

If exceptions are filed to the award the question of damages is all that is left in the case. [Sec. 1344, supra.] The outcome of that issue cannot and does not in any respect affect the decree of condemnation. Each landowner defendant may file exceptions. The exceptions filed are tried separately as to each landowner and the outcome of one does not affect the other. These proceedings are unlike to those provided for in the Drainage District Act.

Respondent in his brief says:

"If the court allows a new appraisement, same may be by jury in court in which proceedings are had."

The right to a trial by jury does not depend upon any action of the court. Our Constitution guarantees that right. When exceptions are filed to the report of commissioners a trial court has no right to deny a jury trial. In Kansas City Sub. B. Railroad Co. v. Kansas City, St. L. & C. Railroad Co., 118 Mo. 599, 24 S. W. l. c. 483, this court said:

"Section 2738 provides that if a new appraisement be ordered, 'such new appraisement shall, at the request of either party, be made by a jury.' This statute does not give the right of trial by jury on any question involved in a condemnation case, except on the question of damages to be allowed. It was not necessary for the court to make an order setting aside the report of the commissioners in order to entitle defendants to a jury trial on the question of compensation, as either party was entitled to such a trial as a matter of right, which was guaranteed to them by the fundamental law of the State."

That the relator had the right to a change of venue from the county has been decided by this court. [See Ry. Co. v. Fowler, 113 Mo. 458, 20 S. W. 1069, l. c. 1070 (2).] In that case the same procedure was followed as in this case. The application for a change of venue was not filed until after exceptions to the report of commissioners had been made and filed. This court in disposing of this question said in part:

"Besides all this the statute relating to the appropriation and valuation of lands to public use requires the proceeding to be commenced by summons. Commissioners are appointed in the first instance; but, as has been said, either party is entitled to a jury upon demand therefor. The court may award a new appraisement, and 'such new appraisement shall, at the request of either party, be made by a jury, under the supervision of the court, as in ordinary cases of inquiry of damages.' [Sec. 896, R. S. 1879.] This statute means that the jury is to be organized and the trial conducted as in other jury cases, and a change of venue because of the prejudice of the people is an incident to such a trial. The fact that these proceedings are of a summary character up to the demand for a jury furnishes no reason why the jury should not be an impartial one and free from any prejudice prevailing in the particular locality. We conclude

that these provisions of the code relating to a change of venue because of prejudice of the people are made applicable in a proceeding to condemn by force of the Constitution and the eminent domain act.'' The case was reversed and remanded because a change of venue had been denied. The same procedure was followed in Ry. Co. v. Ry. Co., 24 S. W. 478, 118 Mo. 599, and Springfield & S. Ry. Co. v. Calkins, 3 S. W. 82, 80 Mo. 538. [See, also, Ry. v. Kemper, 166 S. W. 291, l. c. 293 (3-6), 256 Mo. 279.]

Attorneys for respondents argue as follows:

''In the present case respondent contends the application for change of venue was untimely as regards the stage of the proceeding. The matter of promptness after the discovery of prejudice is not involved.''

It is urged that the above cases should not be followed. It is respondent's contention, therefore, that the application for a change of venue as against the inhabitants of the county must be filed at the beginning of the suit. If that were correct it would result in much inconvenience, confusion and at times work a hardship on the parties to the litigation. Section 1343, Revised Statutes 1929, provides that any number of owners of land may be joined as defendants in one petition. The damages to each must be separately assessed. Therefore, any one of the defendants, or the plaintiff, who was of the opinion that he could not obtain a fair trial by jury in his county would be compelled to file an application for a change of venue at the beginning of the proceeding. This would necessitate sending the entire case to another county. If it was then found that no jury was necessary all of the expense and inconvenience incident to a change of venue would be for naught. All this can be avoided by permitting an application for change of venue to be filed after the filing of exceptions to the award. From common experience we learn that a large percentage of the awards of commissioners in such cases are either accepted or settled without a jury trial.

It must not be overlooked that the right to a jury trial does not arise until after the award of the commissioners has been made. The exceptions that are filed to the award may be termed the pleading that first raises an issue of fact triable by a jury. If no objections or exceptions are made to the award the case is at an end. The statute in plain and unmistakable terms provides that the only issue triable by jury is the question of damages. A landowner whose property is sought to be condemned may sit idly by, file no pleadings and permit the suit to progress until the commissioners make their award. If he be satisfied with the award he has the right to accept it and go his way without any expense whatsoever. If he is not satisfied with the award he has the right to file exceptions and demand a jury. This right means a trial by an impartial jury and, therefore, of necessity the right to a change of venue because of the prejudice of the inhabitants of the county. [Ry. Co. v. Fowler,

supra.] The procedure provided for by the statute now under discussion contemplates that the condemner must set in motion all of the machinery necessary to award just compensation to the owners whose land is sought to be condemned without expense to the landowner. That purpose is fulfilled when the commissioners make their award assessing damages.

It would be inconsistent with that purpose to require a landowner, who deemed the inhabitants prejudiced against him, if a jury trial be necessary, to file an application for a change of venue at the beginning of the suit. It would also be an injustice to all the landowners, defendants in the suit, to require the plaintiff to file such an application at the commencement of the proceedings and have the case transferred to another county on a mere speculation that a jury may be demanded. No injustice is done anyone by permitting the application to be made when it appears certain that a jury will be necessary. Such a course of procedure would permit the question of damages as to each landowner to stand upon its own footing. If a change of venue be taken in any one of them it would in no way affect or inconvenience the others. We think the reasoning in the case of Ry. Co. v. Fowler, supra, sound as well as practical and in harmony with the plain intent of the statute. The provisions of Section 1342, Revised Statutes 1929, also strengthen our view that the proper time to file an application for a change of venue, as against the inhabitants of the county, is after exceptions are filed to the award of commissioners. The section reads in part as follows:

"The court, or judge thereof in vacation, on being satisfied that due notice of the pendency of the petition has been given, shall appoint *three disinterested commissioners, who shall be freeholders, resident of the county in which the real estate or a part thereof is situated,* to assess the damages which the owners may severally sustain by reason of such appropriation. . . ." (Italics ours.)

This court held in Ry. Co. v. Ry. Co., 118 Mo. 599, 24 S. W. l. c. 483, that the commissioners to be appointed must be freeholders and residents of the county where the property sought to be condemned is situated. That case further holds that the issue of damages may be tried before a jury of another county where the cause has been transferred on an application for a change of venue.

We hold that the application for a change of venue was timely filed by relator and the Circuit Court of Henry County possessed the authority to transfer the case to the Circuit Court of Johnson County. The Circuit Court of Johnson County has jurisdiction to try the question of damages. It follows that a writ of mandamus must be issued against respondent to proceed to trial with the case.

It is so ordered. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.