Ethel Patterson BIZZELL, et al.,
Plaintiffs-Appellants,

v.

KODNER DEVELOPMENT CORP., et al., Defendants-Respondents.

Ethel PATTERSON, et al.,
Plaintiffs-Appellants,

v.

CITY OF ST. PETERS, Missouri,
Defendant-Respondent.

No. 66915.

Supreme Court of Missouri,
En Banc.

Nov. 21, 1985.

Rehearing Denied Dec. 17, 1985.

Keith W. Hazelwood, Dale L. Rollings, St. Charles, for plaintiffs-appellants.

Louis J. Leonatti, Ann P. Hagan, Paul A. Seigfreid, Mexico, for defendants-respondents.

BILLINGS, Judge.

Consolidated appeals transferred by the court of appeals because of the general interest and importance of the issue involved. Mo. Const. art. V, § 10.

Two of the appeals are from orders of the Lincoln County Circuit Court, denying plaintiffs' motion to transfer the cause to St. Charles County and dismissing their claim against City of St. Peters for improper venue and lack of subject matter jurisdiction. The remaining appeal is from the order of the Circuit Court of St. Charles County dismissing plaintiffs' subsequently filed suit because of the bar of statute of limitations.

We affirm the Lincoln County Circuit Court's order denying transfer, but reverse its order of dismissal and remand the case for further proceedings. We also reverse the order of the St. Charles County Circuit Court and remand that case for entry of an order of dismissal based upon lack of jurisdiction.

A portion of the court of appeals' opinion sets forth the chain of events that led to these appeals and it is as follows:

Plaintiffs own a 16 acre tract of land in the City of St. Peters, St. Charles County. This tract of land is used year-around as a day camp for children. On this particular tract, there is a 2.5 acre lake suitable for fishing, boating, and

other activities. This action was filed because the lake has become covered with large amounts of silt and mud. Plaintiffs claim that such condition resulted from the improper construction and maintenance of certain streets, sewers [sic] lines, and water mains in the City of St. Peters causing an excessive drainage into the nearby lake.

The plaintiffs originally filed their petition in St. Charles County seeking relief from several named defendants but not including the City of St. Peters, a municipal corporation. The case was originally styled *Ethel Patterson Bizzell, et al. v. Kodner Development Corp., et al.* In their third amended petition plaintiffs sought $180,000 actual damages, injunctive relief and $25,000 exemplary damages. Venue was changed to Lincoln County on motion of a named defendant. Trial was held there and a verdict of $80,000 rendered for plaintiffs. Plaintiffs and several defendants sought and were granted a new trial. Also, the trial court granted the plaintiffs leave to file a fourth amended petition joining the respondent, City of St. Peters, as an additional defendant.

Initially, the fourth amended petition was filed in Lincoln County and stated four counts of which two were directed at the City of St. Peters. Plaintiffs settled with the other defendants as to Counts I & III dealing with actual and exemplary damages. Count II seeks injunctive relief against all the original defendants plus the City of St. Peters while Count IV seeks $350,000 against just the City of St. Peters (hereinafter referred to as defendant). Defendant filed an answer to the fourth amended petition without objecting to the venue or jurisdiction of the Lincoln County Circuit Court. Nearly six months later, defendant filed its motion to dismiss for improper venue and lack of subject matter jurisdiction.

The trial court granted the defendant's motion to dismiss thereby creating the impetus for plaintiffs' motion to transfer their petition to St. Charles County which was denied. Plaintiffs refiled their petition in St. Charles County as to Counts II and IV naming just the City of St Peters as defendant. Defendant filed a motion to dismiss contending that plaintiffs' cause of action was [now] barred by the statute of limitations. The St. Charles County Circuit Court granted defendant's motion to dismiss creating yet another appealable order from which plaintiffs' [sic] filed a notice of appeal. All three appeals have been consolidated for the sake of judicial economy.

Plaintiffs' argument is premised on the theory that the Lincoln County Circuit Court erred in sustaining the City of St. Peters' motion to dismiss for improper venue and lack of subject matter jurisdiction. The City of St. Peters alleges that St. Charles County was the only county with proper venue and subject matter jurisdiction.

■ Absent the presence of an entirely proper transfer, the City of St. Peters' argument would be meritorious. However, after the case was transferred upon a proper change of venue the Lincoln County Circuit Court became empowered to proceed as if the cause had been originally and properly filed there.[1] *Ex parte Haley,* 99 Mo. 150, 12 S.W. 667 (1889); *Board of Regents for Northeast Missouri State Teachers College v. Palmer,* 356 Mo. 946, 204 S.W.2d 291 (1947).

■ All parties agree that St. Charles County was the proper venue in which to bring the original action, § 508.010, RSMo 1978, and that the St. Charles County Circuit Court had the necessary subject matter jurisdiction required to entertain the action. The City of St. Peters could have been joined as a defendant in the original

---

1. *Ex parte Haley,* 99 Mo. 150, 12 S.W. 667, 668 (1889) stated:

"The transfer of the cause by change of venue took with it the whole cause, and every incident belonging thereto, to the [transferee court], just the same as if the cause had originated in that court."

822

action in St. Charles County because the property in question and the City of St. Peters are located in that county. *See* §§ 508.030 and 508.050, RSMo 1978. There is no question but that the proceeding was one in which a change of venue was permissible. After proper transfer to Lincoln County, the St. Charles County Circuit Court was effectively divested of all jurisdiction over the cause. *See Little River Drainage Dist. Himmelberger et al. v. Tomlinson et al.,* 245 Mo. 1, 149 S.W. 454 (1912); *Ex parte Haley, supra.* The rule governing the consequences of a proper transfer under § 508.250, RSMo 1978 [2] and Rule 51.14 [3] is unmistakably clear. *The transferee court has jurisdiction to hear and determine any cause transferred, even if the action would not otherwise be cognizable in that court.* Furthermore, this Court has uniformly and consistently held that the court to which a cause is transferred by a change of venue has the right, power and authority to proceed in the same manner as if it had arisen in that county. *See State ex rel. State Highway Commission of Missouri v. Curtis,* 365 Mo. 447, 283 S.W.2d 458 (1955); *State ex rel. Kansas City Public Service Co. v. Waltner,* 350 Mo. 1021, 169 S.W.2d 697 (1943). Consequently, the Lincoln County Circuit Court acquired full authority, including jurisdiction of the subject matter, to proceed to entertain the case. *Board of Regents for Northeast Missouri State Teachers College v. Palmer,* 204 S.W.2d *supra* at 293.

■ After the venue change to Lincoln County plaintiffs amended their petition to add the City of St. Peters as a defendant. Because the St. Charles County Circuit Court would have had authority to allow such an amendment, the transferee court in Lincoln County was likewise empowered to do so. *Fears v. Riley,* 148 Mo. 49, 49 S.W.

836 (1898) (permitted the addition of a new party defendant after transfer); *Galloway v. Galloway,* 169 S.W.2d 883 (Mo.1943) (permitted amendment to add a new count after transfer).

Moreover, the proper transfer of a cause has the same consequences when the action involves a dispute over the title to land. *Hughes v. Spence,* 409 S.W.2d 701 (Mo. 1966); *Howell v. Reynolds,* 249 S.W.2d 381 (Mo.1952); *Blanchard v. Dorman,* 236 Mo. 416, 139 S.W. 395 (1911). Here, the Lincoln County Circuit Court may hear a suit involving real estate located in St. Charles County—because the cause has been properly transferred by a change of venue.

■ The law in connection with the proper transfer of an ongoing suit from one venue to another venue is clear. Where the court in which an action is initially filed has subject matter jurisdiction over the cause and venue is proper, a change of venue vests the court to which the action is transferred with full power and authority to hear and determine the action so transferred.

■ Furthermore, we note that even if venue was questionable, the City of St. Peters waived its right to object. By answering plaintiffs' petition without raising any objection to venue and failing to file any motion asserting improper venue until six months later, the City effectively waived venue. Rule 55.27(g)(1). Statutes fixing venue confer a mere personal privilege which may be waived by the party entitled to assert it. *See State ex rel. Buffington v. Gaertner,* 657 S.W.2d 957 (Mo. banc 1983); *State ex rel. Allen v. Barker,* 581 S.W.2d 818 (Mo. banc 1979). Because the City of St. Peters failed to timely raise the matter of venue, there was a waiver of that question.

**2.** Section 508.250 provides:

The court to which any cause shall be transferred by change of venue shall have jurisdiction to hear and determine the same, and shall proceed to final judgment and execution therein; although such cause would not otherwise be cognizable in such court.

**3.** Rule 51.14 provides:

The court to which any civil actions shall be transferred by change of venue shall have jurisdiction to hear and determine the same, and shall proceed to final judgment and execution therein, although such civil action would not otherwise be cognizable in such court.

We reverse and remand the order of the Lincoln County Circuit Court and the order of the St. Charles County Circuit Court for further proceedings in accord with this opinion.

All concur.