OSAGE HOMESTEAD, INC., a Missouri Corporation, d/b/a St. Charles Drilling Co., Plaintiff/Appellant,

v.

CITY OF NEW FLORENCE, Missouri, Defendant/Respondent.

No. 51049.

Missouri Court of Appeals, Eastern District, Division Nine.

July 15, 1986.

Frederick W. Drakesmith, St. Charles, for plaintiff/appellant.

William P. Cronan, Fayette, and J. Michael Cronan, Kansas City, for defendant/respondent.

CRANDALL, Presiding Judge.

Plaintiff, Osage Homestead, appeals from the trial court's dismissal of its petition against defendant, City of New Florence, Missouri. We reverse and remand.

Plaintiff brought an action for breach of contract and quantum meruit in St. Charles County, Missouri. Defendant is a municipal corporation located in Montgomery County. Actions against municipal corporations are governed by § 508.050 R.S.Mo. (1978) a special venue statute. It provides:

"Suits against municipal corporations as defendant or co-defendant shall be commenced only in the county in which the municipal corporation is situated...."

Defendant filed its special entry of appearance and its motion to dismiss based on improper venue. The trial court sustained the defendant's motion to dismiss.

The issues presented are (1) whether venue as established by § 508.050 is subject to waiver and (2) whether venue was in fact waived by defendant.

We first consider the issue of whether venue can be waived. Ordinarily, venue in an action against the City of New Florence would be in Montgomery County. The City, however, can waive the venue

fixed by statute. *Bizzell v. Kodner Development Corp.*, 700 S.W.2d 819 (Mo. banc 1985). "Statutes fixing venue confer a mere personal privilege which may be waived by the party entitled to assert it." *Id.* at 822.

Next, we must determine whether or not the defendant agreed to venue in St. Charles County. The plaintiff contends that the defendant waived the protection of the statute as a result of a series of letters between the parties. In particular, one letter sent from the plaintiff to the defendant, dated June 13, 1985, stated, "In the event of collection procedures, venue is in St. Charles County...." The defendant's reply, dated June 18, 1985 stated:

> This letter is to acknowledge receipt of your letter of proposal dated June 3, 1985, and your June 13, 1985 letter defining terms and conditions.

> The Board of Aldermen has reviewed this information and has directed me to authorize you to proceed with the furnishing and installation of the 460 volt, 3-phase submersible motor and pump in accordance with your letters.

Defendant's letter of reply, dated June 18, 1985, which authorized plaintiff to proceed *in accordance with your letters,* in absence of other evidence, constituted an acceptance of the forum selection clause of the contract. Generally, "... an action may be entertained by a circuit court having jurisdiction of the subject matter where the parties have contractually agreed to waive the personal privilege of venue and where such agreement is neither unfair nor unreasonable." *State ex rel. Marlo v. Hess,* 669 S.W.2d 291, 294 (Mo.App.1984). Here, there is no contention of unfairness or unreasonableness.

The trial court erred in granting defendant's motion to dismiss for improper venue. The order of the trial court is reversed and the cause is remanded.

CRIST and KAROHL, JJ., concur.