STATE of Missouri ex rel. Michelle SAN-TOYA, and Ryder Student Transportation Services, Relators,

v.

The Honorable Jimmie EDWARDS, Judge of the Circuit Court of the City of St. Louis, Respondent.

No. 65872.

Missouri Court of Appeals, Eastern District, Division Four.

July 19, 1994.

**776**

John A. Michener, David Knieriem, Daniel T. Rabbitt Jr., St. Louis, for relators.

Daniel A. Raniere, St. Louis, for respondent.

SIMON, Presiding Judge.

This court issued its preliminary order in prohibition prohibiting respondent from taking any further action in an underlying wrongful death case involving the death of a nine-year-old Hancock Elementary School student. The student, Ashley Colten, was walking home from school instead of taking the school bus. While crossing the street, she was struck by an uninsured vehicle and killed. Relators ask this court to transfer the entire case to the Circuit Court of St. Louis County. We now make our preliminary writ permanent.

On January 13, 1994, plaintiffs, Alexandra and Russell Colten, Ashley's parents, filed suit to recover for the wrongful death of their daughter, Ashley Colten. Their petition joined their uninsured motorist carrier, Safeco Insurance Company of America (Safeco); Russell Dale Schmitt, Jr., the operator of the uninsured vehicle; Bridgett Welch, the owner of the uninsured vehicle; Michelle Santoya (Santoya), Ashley's teacher; Ryder Student Transportation Services (Ryder), the school bus company, and Hancock Place School District (Hancock), as defendants. All defendants were residents of St. Louis County, with the exception of Safeco, which was a resident of the City of St. Louis. Pursuant to § 508.010(2) R.S.Mo.1986 (all further statutory references shall be to R.S.Mo.1986 unless otherwise noted), plaintiffs filed suit in the Circuit Court of the City of St. Louis based on Safeco's residency in the City of St. Louis.

■ Relators, Santoya and Ryder, along with defendant Hancock, filed separate motions to dismiss or transfer to a jurisdiction of proper venue, relying on § 508.050 which provides in relevant part: "Suits against municipal corporations as defendant or codefendant shall be commenced only in the county in which the municipal corporation is situated...." A school district is a municipal corporation for purposes of the venue statute. *State ex rel. Milham v. Rickhoff*, 633 S.W.2d 733, 735–36[2] (Mo.banc 1982). Hancock is situated in St. Louis County.

Prior to relators' motions being heard, plaintiffs settled their claim with Safeco, dismissed their claims against defendants Welch and Schmitt, and voluntarily dismissed Hancock from the lawsuit without prejudice. Relators' motions were heard and overruled by respondent on March 30, 1994. In response to that ruling, relators petitioned this court to prohibit respondent from taking any further action in the case other than to transfer it to St. Louis County where venue would be proper. A preliminary Order in Prohibition was issued by this court on April 14, 1994, ordering respondent to refrain from all further action in the underlying suit until further order.

■ Relators contend that Hancock, a school district, can be sued only in St. Louis County where it is situated in reliance on § 508.050, and *State ex rel. Milham*, 633 S.W.2d at 735–36[2]. Further, relator relies on *State ex rel. DePaul Health Center v. Mummert*, 870 S.W.2d 820 (Mo. banc 1994), wherein our Supreme Court held that in accordance with § 508.010(2), venue is determined as the case stands when brought, not when a motion challenging venue is decided. *Id.* at 822[7]. At the time the wrongful death case was brought Hancock was named as a defendant. Therefore, relators contend the correct venue is in St. Louis County.

Respondent contends that § 508.050 is not controlling because Hancock was improperly joined as a defendant, in that the petition did not state a cause of action against Hancock because it is immune from liability with respect to alleged supervisional negligence. Therefore, the joinder of Hancock would have no bearing on the venue analysis. To

support the contention that § 508.050 does not apply, plaintiffs rely on *State ex rel. Toastmaster v. Mummert,* 857 S.W.2d 869 (Mo.App.1993), which involved a "pretensive joinder" situation.

Here, there is no pretensive joinder. Hancock is not the resident defendant and was not joined to achieve venue in the City of St. Louis. *See State ex rel. Toastmaster v. Mummert,* 857 S.W.2d at 870[1].

The fact that plaintiffs dismissed because they later realized they had no cause of action against Hancock is of no consequence. The rule is clear. "Venue is determined as a case stands when brought...." *State ex rel. DePaul Health Center,* 870 S.W.2d at 822[7]. When this case was brought, Hancock was named as a defendant. Since § 508.050 requires that a suit brought against a school district be brought only in the county in which the school district is situated, the proper venue is in St. Louis County.

Therefore, since venue was proper in the County of St. Louis when the case was brought and in accordance with § 476.410, respondent is to take no further action in this case except to transfer it to the Circuit Court of St. Louis County.

Preliminary order in prohibition made permanent.

SMITH and CRANE, JJ., concur.