**STATE of Missouri ex rel. EAST CARTER COUNTY R–II SCHOOL DISTRICT, Relator,**

v.

**The Honorable Robert M. HELLER, Associate Circuit Judge, Circuit Court of Shannon County, State of Missouri, Respondent.**

No. 22326.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 30, 1998.

Lawrence B. Grebel, Timothy W. Luft, Heidi K. Potter, Brown & James, P.C., St. Louis, for Relator.

John H. Bloodworth, Bloodworth Law Offices, Poplar Bluff, for Respondent.

GARRISON, Chief Judge.

This original proceeding in prohibition arises from an underlying tort action for personal injuries brought by Harry Robert Crews, a minor, through his Next Friend, Donna Crews ("Plaintiff"), against East Carter County R–II School District ("Relator").[1] According to the record, Plaintiff filed his petition on June 13, 1997, and his amended petition on November 4, 1997. The trial court granted Relator until March 23, 1998 to file its answer to Plaintiff's amended petition. On April 9, 1998, Plaintiff filed a request for change of venue. Relator filed its objections to Plaintiff's request, stating that Plaintiff's request was untimely filed under Supreme Court Rule 51.03(a).[2] In response to Relator's objections, Plaintiff filed an additional request for change of venue for cause under Supreme Court Rule 51.04, alleging that Plaintiff could not receive a fair trial in Carter County. On April 30, 1998, the trial court entered an order sustaining Plaintiff's request for change of venue under Supreme Court Rule 51.03(a).[3,4]

Relator filed a petition for writ of prohibition with this Court, challenging Respondent's order of April 30, 1998, and requesting this Court to prevent Respondent from enforcing such order. On June 5, 1998, this Court issued a preliminary order in prohibition, directing Respondent to take no further action to enforce the order of April 30, 1998, until further notice by this Court.

Prohibition lies to prevent a court from acting in excess of its jurisdiction. *State ex rel. City of St. Louis v. Kinder*, 698 S.W.2d 4, 6 (Mo. banc 1985). A court which acts when venue is not proper has acted in excess of its jurisdiction. *Id.* Lack of venue is a defect of a jurisdictional nature which authorizes issuance of prohibition. *See State ex rel. Allen v. Barker*, 581 S.W.2d 818, 824 (Mo. banc 1979); *State ex rel. Missouri Property and Casualty Insurance Guaranty Association v. Brown*, 900 S.W.2d 268, 271 (Mo.App.W.D.1995).

Supreme Court Rule 51.03 reads in pertinent part:

(a) A change of venue shall be ordered in a civil action triable by jury that is pending in a county having seventy-five thousand or less inhabitants upon the filing of a written application therefor *not later than ten days after answer is due to be filed;* ... (emphasis added).

In this case, Plaintiff concedes that he filed the request for change of venue at issue

---

1. The action was brought against both East Carter County R–II School District and Milton Gearhart, individually and as agent and servant for East Carter County R–II School District.

2. All rule references are to Missouri Rules of Civil Procedure (1998) and all statutory references are to RSMo 1994, unless otherwise indicated.

3. Albeit unclear from the record, it appears that Plaintiff actually filed an earlier request for change of venue before the two mentioned above, to wit on August 25, 1997. The record before this Court, however, does not reveal what hap-

pened with reference to that request. For instance, it may even have been withdrawn. In any event, Respondent is represented in the matter before this Court by the attorney representing Plaintiff in the underlying action, and states in his brief that "Plaintiff concedes that his original Request for Change of Venue was not timely filed, and therefore should not have been granted as a matter of right under Rule 51.03(a)."

4. We assume that Judge Heller, Associate Circuit Judge of Shannon County, was sitting in this case on special assignment.

more than ten days after Relator's answer was due. As such, he did not follow the requirements of Rule 51.03, and a transfer of the case should not have been granted under this rule. Accordingly, this Court's preliminary order of prohibition is made absolute.

Relator contends that the trial court's order of April 30, 1998, was also invalid because § 508.050 [5] requires all actions against a school district to be tried in the county where the school district is located, and the trial court's order sustaining Plaintiff's motion to transfer venue authorized the case to be tried outside such district. Because this Court makes its preliminary order of prohibition absolute on the ground that Plaintiff's Rule 51.03 request that was ruled on by the trial court was untimely filed, Relator's second point is now moot. See *Bank of Washington v. McAuliffe*, 676 S.W.2d 483, 487 (Mo. banc 1984) (stating that an issue is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy).

The preliminary order of prohibition, now absolute, pertains solely to Respondent's order of April 30, 1998. Accordingly, this Court makes no ruling as to whether § 508.050 precludes the transfer of a case involving a school district from the county in which the school district is located. A ruling of such nature at this time would be merely an advisory opinion and thus would be improper. See *State ex rel. Trotter v. Cirtin*, 941 S.W.2d 498, 500 (Mo. banc 1997); *State ex rel. Consumer Programs Inc. v. Dowd*, 941 S.W.2d 716, 717 (Mo.App.E.D.1997); *Lucky v. Sears Roebuck and Co.*, 950 S.W.2d 687, 689 (Mo.App.S.D.1997).

The preliminary order of prohibition is made absolute.

SHRUM, P.J., and BARNEY, J., concur.

---

5. Section 508.050 provides:

Suits against municipal corporations as defendant or codefendant shall be commenced only in the county in which such municipal corporation is situated, or if such municipal corporation be situated in more than one county, then suits against such municipal corporation shall be commenced only in that county wherein the seat of government of such municipal corporation is situated.

A school district is a municipal corporation for purposes of the venue statute. See *State ex rel. Milham v. Rickhoff*, 633 S.W.2d 733, 735–36 (Mo. banc 1982); *State ex rel. Santoya v. Edwards*, 879 S.W.2d 775, 776 (Mo.App. E.D.1994).