STATE ex rel. LEBANON SCHOOL DISTRICT R–III, Relator,

v.

The Honorable Larry WINFREY, Respondent.

No. SC 86873.

Supreme Court of Missouri, En Banc.

Jan. 31, 2006.

---

Brett A. Williams, Lawrence B. Grebel, Joshua D. Margolis, St. Louis, for Relator.

Eric Hutson, Lebanon, H. Lynn Henry, West Plains, for Respondent.

Paul M. Rauschenbach, St. Louis, for defendant.

LAURA DENVIR STITH, Judge.

Relator Lebanon School District R–III asks this Court to issue a writ prohibiting Respondent from transferring the underlying personal injury lawsuit to a different county. Relator argues that because section 508.050, RSMo 2000,[1] permits a school district to be sued only in the county in which it is situated, then it must be error to grant a motion to change venue to another county. Relator is incorrect. While venue for commencement of suit was only proper in Laclede County, Rule 51.03 authorized transfer of the case to another county convenient to the parties for trial upon a showing that Laclede County had fewer than 75,000 inhabitants. The preliminary writ is quashed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In November 2004, Amanda Slover, an eighth-grade student at Lebanon Junior

---

1. All statutory references are to RSMo 2000 unless otherwise indicated. Although various other venue statutes were modified effective in August 2005, no changes were made to section 508.050, governing venue against municipal corporations.

High School, sued the Lebanon school district and Jeff Lackey for personal injuries she alleges were sustained when the bleachers on which she was performing with the school's choir collapsed.

Amanda commenced her suit in the Circuit Court of Laclede County, in accordance with section 508.050, which provides that suit against municipal corporations shall be commenced only in the county in which the entity is located. She then moved for a change of venue and a change of judge. Rule 51.03 provides that a party may apply for a change of venue where, as here, the county in which suit is filed has fewer than 75,000 inhabitants. Rule 51.06 provides the procedure for combining a motion for change of judge with a motion for change of venue, as was filed here.

The trial court granted Amanda's motion and asked the parties to suggest convenient venues to which to transfer the case. The school district instead petitioned for a writ of prohibition to prevent transfer.

## II. ANALYSIS

### A. Standard of Review

■ Prohibition is an original proceeding brought to confine a lower court to the proper exercise of its jurisdiction. *State ex rel. Linthicum v. Calvin,* 57 S.W.3d 855, 857 (Mo. banc 2001). It is a discretionary writ that only issues "to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power." *Id.* at 856–57. The writ is available to avoid useless lawsuits and to afford relief at the earliest possible moment in the litigation or where to do otherwise

would deprive a party of an absolute defense. *State ex rel. Police Retirement System of St. Louis v. Mummert,* 875 S.W.2d 553, 555 (Mo. banc 1994); *State ex rel. McDonnell Douglas Corp. v. Gaertner,* 601 S.W.2d 295, 296 (Mo.App. E.D.1980).

### B. Rule 51.03 Applies to Municipal Corporations

■ The key question is whether a party, plaintiff or defendant, can be granted a change of venue under Rule 51.03 in a case in which one or more of the defendants is a municipal corporation that has been sued in the county in which it is situated. Rule 51.03 provides in relevant part that:

> (a) A change of venue shall be ordered in a civil action triable by jury that is pending in a county having seventy-five thousand or less inhabitants upon the filing of a written application therefor not later than ten days after answer is due to be filed ... The applicant need not allege or prove any cause for such change.

Rule 51.03(a). Rule 51.03 does not state that it does not apply where one or more defendants is a municipal corporation that could originally be sued only in the county in which suit was commenced. To the contrary, Rule 51.03(c) states, "If a timely application is filed, the court immediately shall order the case transferred to some other county convenient to the parties, first giving all parties the opportunity to make suggestions as to where the case should be sent." That is exactly the procedure Respondent followed here.

Lebanon argues that this Court should nonetheless read an implicit exception into Rule 51.03 if a school district or other municipal corporation[2] is a defendant be-

2. Because both parties assume that school districts are municipal corporations for venue purposes, this Court does not reach that issue. Various decisions have held that school districts are municipal corporations for venue purposes, *see, e.g., State ex rel. East Carter County R–II Sch. Dist. v. Heller,* 977 S.W.2d 958, 960 n. 5 (Mo.App. S.D.1998); *State ex*

cause to do otherwise would contravene Rule 51.01, which states, "These rules should not be construed to extend or limit the jurisdiction of the courts of Missouri, or the venue of civil actions therein."

Lebanon's argument confuses the substantive provisions of law governing where suit may initially be commenced with this Court's procedural rules governing how such suits are to be tried once filed. Rule 51.01 merely recognizes that the initial venue in which a suit must be commenced is determined solely by statute. *See also State ex rel. BJC Health System v. Neill*, 121 S.W.3d 528, 529 (Mo. banc 2003). If a party believes that suit has been filed against it in a venue not permitted by statute, then Rule 51.045 provides the procedural mechanism by which the case may be transferred to a county in which suit would have been proper.

Here, however, all parties agree that suit was properly commenced against Lebanon in the Circuit Court of Laclede County, in accordance with section 508.050, which provides, "Suits against municipal corporations as defendant or codefendant shall be commenced only in the county in which the municipal corporation is situated...." Sec. 508.050. Lebanon's argument is nothing more than the syllogism that since under section 508.050 suit against it could only be commenced in Laclede County, that is where it must also

be tried. It is based on the faulty premise that Missouri statutes contemplate (indeed require) that all lawsuits must be tried in a county in which suit initially could be commenced. This is not correct.

First, Missouri's statutes have long expressly permitted transfer of suits to counties where they could not initially have been commenced. In fact, section 508.140 recognizes that transfer may be affected by the number of inhabitants of the county in which suit was initially filed. It provides for a hearing on a motion for change of venue in cases in which a change of venue is sought from "counties in this state which have a population of more than sixty-five thousand inhabitants and wherein the removal is asked on the ground of objections to or prejudice of the inhabitants of the county...." Sec. 508.140(2).

Even more tellingly, section 508.250 provides that:

> The court to which any cause shall be transferred by change of venue *shall have jurisdiction to hear and determine the same,* and shall proceed to final judgment and execution therein; *although such cause would not otherwise be cognizable in such court.*

Sec. 508.250 (emphasis added). The legislature, thus, specifically recognizes that suits may be heard in a venue in which they could not be commenced.[3]

---

*rel. Santoya v. Edwards*, 879 S.W.2d 775, 776 (Mo.App. E.D.1994), relying on *dicta* in *State ex rel. Milham v. Rickhoff*, 633 S.W.2d 733, 735–36 (Mo. banc 1982). *Milham* implied that local school districts are municipal corporations for venue purposes by distinguishing them from the University of Missouri, which it held was not a municipal corporation for venue purposes. *Milham* also noted that whether such districts are municipal corporations "may vary in meaning depending on the time, place and circumstance under which it is used." *Id.* at 735. It further noted that *Beiser v. Parkway Sch. Dist.*, 589 S.W.2d 277 (Mo. banc 1979), held that a municipal

corporation is not a municipality for the purposes of sovereign immunity but that a school district had been held to be a municipal corporation in other contexts. *Id. See also State ex rel. Caldwell v. Little River Drainage Dist.*, 291 Mo. 72, 236 S.W. 15, 16 (1921) (school districts are municipal corporations).

3. This Court's Rule 51.14(b), in nearly identical language, similarly provides that the transferee court "shall have jurisdiction to hear and determine the same, and shall proceed *to final judgment and execution therein*, although such civil action would not otherwise be cognizable in such court."

Second, the legislature is well aware how to prohibit a change of venue, for it did so in the case of condemnation in certain instances in section 88.067.[4] The legislature chose not to make such an exception in the case of suits against municipal corporations, however.

The procedures under which venue will be transferred are set out in the subdivisions of this Court's Rule 51 governing transfer of venue for cause or where the county has less than a certain number of inhabitants. *Bizzell v. Kodner Development Corp.*, 700 S.W.2d 819 (Mo. banc 1985), applied these rules to a case much like the instant one, in which it was alleged that a municipal corporation—in that case, a city—could be sued only in its home circuit. *Bizzell* specifically recognized that, under Rule 51.14, venue for trial of a suit against the city could be proper even though the case had been transferred to a county in which suit against the city could not have been commenced. *Id.* at 822.

More specifically, the *Bizzell* plaintiff initially sued various defendants in the Circuit Court of St. Charles County. *Id.* at 821. On motion, the court transferred venue to Lincoln County.[5] *Id.* Thereafter, plaintiff filed an amended petition joining the City of St. Peters, a municipal corporation, as a defendant. *Id.* St. Peters moved to dismiss, arguing that, as it was located in St. Charles County, then under section 508.050, it could not be added as a defendant once suit had been transferred to Lincoln County. *Id. Bizzell* rejected this argument, stating:

Absent the presence of an entirely proper transfer, the City of St. Peters' argument would be meritorious. How-

ever, after the case was transferred upon a proper change of venue the Lincoln County Circuit Court became empowered to proceed as if the cause had been originally and properly filed there. *Id.*

*Bizzell* reasoned that, applying section 508.250 and Rule 51.14, *"[t]he transferee court has jurisdiction to hear and determine any cause transferred, even if the action would not otherwise be cognizable in that court." Id.* at 822 (emphasis in original). This meant that "[b]ecause the St. Charles County Circuit Court would have had authority [to add St. Peters as a defendant] . . . the transferee court in Lincoln County was likewise empowered to do so." *Id.*

The school district suggests that, regardless of the analysis in *Bizzell*, to permit changes of venue in the manner permitted by Rule 51.03 (and sections 508.140 and 508.250) would contravene the underlying purpose of section 508.050 because it would require school districts to defend suits all over the state. *See State ex rel. Burlington N. R.R. Co. v. Forder*, 787 S.W.2d 725, 726 (Mo. banc 1990) (purpose of limiting venue for commencement of suit to that of county in which municipal corporation is located is to avoid requiring it to defend lawsuits all over the state). The district further seems to assume that suit could be transferred only to counties having more than 75,000 inhabitants.

The premise of both arguments is invalid. As noted earlier, Rule 51.03 does *not* permit the transfer of a case to counties "all over the state." Rather, it specifically limits the locations to which venue may be transferred, stating that the case shall only

---

**4.** *See also* secs. 242.650 and 245.255, limiting changes of venue in suits involving drainage or levy districts.

**5.** As Rule 51.04(f) specifically recognizes, changes of venue may be sought by various classes of parties, including plaintiffs, defendants, third-party plaintiffs and third-party defendants.

be transferred "to some other county convenient to the parties, first giving all parties the opportunity to make suggestions as to where the case should be sent." Rule 51.03(c). The court here expressly gave the parties 10 days in which to make suggestions as to convenient alternative counties to which the case could be sent. Lebanon need not fear having to defend in some far and inconvenient corner of the state. Further, Rule 51.03 in no manner suggests that the transferee county must have more than 75,000 inhabitants, and indeed this is not the case.

■ Equally importantly, Lebanon's argument fails to recognize the distinct purposes served by section 508.050 and Rule 51.03. Section 508.050 and other venue statutes are intended "to provide a convenient, logical and orderly forum for litigation." *State ex rel. Rothermich v. Gallagher,* 816 S.W.2d 194, 196 (Mo. banc 1991). In this way, they do protect defendants from suit being filed against them in counties "all over the state" to which neither they nor the cause of action have any connection.

But, these statutes do not purport to address how a court should proceed where the selected venue becomes inappropriate for trial due to the small number of persons in the county, due to prejudice of the inhabitants against one of the parties as a result of, for example, undue publicity, or for other reasons. That problem is addressed by Rule 51's change of venue provisions. As this Court noted in *Moss v. State,* 10 S.W.3d 508, 513 (Mo. banc 2000), in considering the criminal counterpart to Rule 51.03, these change of venue rules recognize that "a [party's] ability to secure a fair trial in small counties is often contested and affords a defendant the right to change venue as a matter of convenience."

Allowing an automatic change of venue upon timely application thus saves judicial resources that would otherwise be spent in determining whether a party could get a fair trial in the county in light of the prejudice that may have arisen in a particular case due to publicity or familiarity with the parties or the issues involved. *See id.* at 513–14. This avoids any potential unfairness yet protects the convenience of the remaining parties by expressly providing that the new venue must be convenient and by giving the parties input into the new location for trial. No reason is shown why a school district, unlike every other defendant, should not be subject to transfer under Rule 51.

### C. Timeliness of Motion for Change of Venue

■ The school district also argues in its briefs that plaintiffs' motion for change of venue was untimely because it was not filed within 10 days of when Lebanon's answer originally was due. But, Rule 51.03 does not require that a motion for change of venue be filed within 10 days of when an answer hypothetically would have been due if no motions to dismiss had been filed or extensions of time sought. It provides that written application for a change of venue shall be made, "not later than ten days after answer is due to be filed; . . ." Under Rule 55.25(c), if a defendant files a motion to dismiss or other motion provided for in Rule 55.27, this "alters the time fixed for filing any required responsive pleadings." In the case of a motion to dismiss, "the responsive pleading shall be filed within ten days after notice of the court's action." Rule 55.25(c). Defendant Lackey filed a motion to dismiss; his answer was not due to be filed until 10 days after that motion was ruled on. The answer had not yet been filed at the time plaintiffs filed their motion for change of venue. Their motion, therefore, was timely under Rule 51.03.

### D. Conclusion

Applying these principles here, Respondent did not exceed his jurisdiction in granting plaintiffs' motion for change of venue from Laclede County. Because Laclede County has fewer than 75,000 inhabitants, such a transfer is permitted by Rule 51.03. The transferee court will proceed as if it were a court of Laclede County. This Court's preliminary writ is quashed.

All concur.