STATE ex rel. AUDRAIN HEALTH-CARE, INC., d/b/a Audrain Medical Center, Kurt M. Bracke, M.D., and Mexico Family Health Care, Relators,

v.

The Honorable Keith SUTHERLAND, Respondent.

State ex rel. David Bowne, M.D., Relator,

v.

The Honorable Keith Sutherland, Respondent.

Nos. SC 88527, SC 88528.

Supreme Court of Missouri, En Banc.

Sept. 11, 2007.

---

Edward C. Clausen, John L. Wood, Jefferson City, for Relator in SC 88527 and SC 88528.

Maurice B. Graham, Thomas K. Neill, Patrick J. Hagerty, M. Graham Dobbs, St. Louis, Louis J. Leonatti, Mexico, for Respondents in SC 88527.

Brian J. Fellows, St. Louis, Mariam Decker, Columbia, for Respondent in SC 88528.

Relators in these cases are defendants in tort lawsuits originally filed in Audrain County. The plaintiffs in those suits sought a change of venue of right under Rule 51.03 because Audrain County has a population of fewer than 75,000 inhabitants.[1] The relators contend that section 508.011[2] prohibits application of Rule 51.03. Under the facts of these cases, chapter 508 does not contradict Rule 51.03. The preliminary writs are quashed.

---

1. The 2000 census indicates Audrain County has a population of 25,853. *U.S. Census Bureau State & County QuickFacts. http://quickfacts.census.gov/qfd/states/29/29007.html.*

2. All statutory references are to RSMo Supp. 2006. Section 508.011 provides: "To the extent that rule 51.03 of the Missouri rules of civil procedure contradicts any provision of this chapter, the provisions of this chapter shall prevail regarding any tort claim."

## FACTS

In the Audrain Healthcare case, suit was filed alleging wrongful death from medical negligence. The parties agree that negligence, if any, first occurred in Audrain County. Similarly, in the David Bowne case, suit was filed alleging medical malpractice and loss of consortium. Again, the parties agree that negligence, if any, first occurred in Audrain County.

In both cases, the plaintiffs requested a change of venue under Rule 51.03. Under that rule, a change of venue shall be granted from a county of under 75,000 population upon the filing of a timely application therefor. The parties do not contest the timeliness of the motion. The application need not be verified and may be signed by any party.

After the filing of the applications under Rule 51.03, the respondent judge ordered the cases transferred to Warren County-a county within the same judicial circuit. The relators incorrectly contend that section 508.011 prevents such a transfer because section 508.010.4 requires that venue for such a suit is where the plaintiff was first injured by the wrongful acts or negligent conduct alleged in the action.

## DISCUSSION

█ Section 508.011 only applies when Rule 51.03 contradicts a provision of chapter 508. The only conflict identified by the relators is that section 508.010.4 specifies that venue for these cases is in the county where the plaintiff was first injured by the wrongful acts or negligent conduct alleged in the action. Although application of two different provisions might yield dissimilar results, not all differences are contradictions. *See State ex rel. State v. Riley*, 992 S.W.2d 195, 196 (Mo. banc 1999) (local court rule is inconsistent with the rules of this Court, and thus invalid, if the local court rule specifically prohibits something this Court's rules permit or if the local court rule specifically permits something that this Court's rules prohibit).

As this Court noted in *State ex rel. Lebanon School Dist. R–III v. Winfrey*, 183 S.W.3d 232, 237 (Mo. banc 2006), statutes providing a convenient, logical and orderly forum for litigation do not purport to address how a court should proceed where the selected venue becomes inappropriate for trial due to the small number of persons in the county or for other reasons. That problem is addressed by Rule 51's change of venue provisions. Allowing an automatic change of venue upon timely application saves judicial resources that would otherwise be spent in determining whether a party could get a fair trial in the county in light of the prejudice that may have arisen in a particular case due to publicity or familiarity with the parties or the issues involved. This avoids any potential unfairness yet protects the convenience of the remaining parties by expressly providing that the new venue must be convenient and by giving the parties input into the new location for trial.

In *Lebanon School District*, the Court also noted that the legislature is well aware how to prohibit a change of venue, for it did so in the case of condemnation in certain instances in section 88.067, RSMo 2000, and with respect to certain suits involving drainage or levy districts in sections 242.650 and 245.255, RSMo 2000. *Id.* at 236. As in *Lebanon School District*, no similar prohibition appears with respect to changes of venue in tort cases.

█ To hold that chapter 508 and Rule 51.03 contradict each other would require the Court to determine the authority of the legislature to change a procedural rule

by the method used in this instance.[3] If a statutory provision can be interpreted in two ways, one constitutional and the other not constitutional, the constitutional construction shall be adopted. *Murrell v. State,* 215 S.W.3d 96, 102 (Mo. banc 2007). Under the facts of these cases, chapter 508 and Rule 51.03 do not contradict each other.

The preliminary writs are quashed.

STITH, C.J., PRICE, TEITELMAN, LIMBAUGH, RUSSELL and WOLFF, JJ., concur.

**3.** For an excellent discussion of this topic, see David Jacks Achtenberg, *Venue in Missouri After Tort Reform,* 75 UMKC L.Rev. 595, 645–79. In particular, the author notes that a "law" for purposes of article V, section 5 of the Missouri Constitution is a bill that has been duly enacted by both houses of the General Assembly and either signed by the Governor or passed over a veto; a section of a bill is not such a law. *Id.* at 660–62.