STATE of Missouri, ex rel. LS & C DEVELOPMENT SERVICES, INC., Relator,

v.

The Honorable Larry G. LUNA, 38th Judicial Circuit, Taney County, Missouri, Respondent.

No. SD 31893.

Missouri Court of Appeals, Southern District, Division Two.

July 30, 2012.

Application for Transfer Denied Oct. 30, 2012.

Thomas W. Millington, Springfield, MO, for Relator.

David A. Fielder, Springfield, MO, for Respondent.

Before SCOTT, P.J., BARNEY, J., and BATES, J.

## ORIGINAL PROCEEDING IN MANDAMUS

PER CURIAM.

Relator seeks to compel a transfer of venue to Greene County. We issued a preliminary order, which we now quash.

### Background

Relator agreed, in its $6.7 million construction contract with the Taney County Regional Sewer District ("District"), that venue for litigation would "only be proper in Taney County, Missouri." Relator later sued District (and others) in Greene County on project-related claims. Rule 51.045 motions to transfer the case to Taney County were granted over Relator's objection.[1]

After transfer, Relator promptly sought a Rule 51.03 (small county) change of venue from Taney County. It was denied. Relator sought mandamus in this court. We issued a preliminary order.

### Legal Principles

█ An extraordinary writ may be used to correct a trial court's improper venue ruling. *State ex rel. Kansas City S. Ry. Co. v. Nixon*, 282 S.W.3d 363, 365 (Mo. banc 2009). Mandamus is the appropriate writ if the erroneous transfer has been completed. *State ex rel. Missouri Pub. Serv. Commn. v. Joyce*, 258 S.W.3d 58, 60 (Mo. banc 2008). Our review is for abuse of discretion. *State ex rel. Collector of*

---

1. Statutory citations are to RSMo 2000 and rule references are to Missouri Court Rules (2011) unless otherwise indicated.

*Winchester v. Jamison,* 357 S.W.3d 589, 592 (Mo. banc 2012). Judicial discretion is abused when a ruling is so arbitrary, unreasonable, and illogical that it shocks the sense of justice and indicates a lack of careful consideration. *See State ex rel. Jackson County Prosecuting Attorney v. Prokes,* 363 S.W.3d 71, 75 (Mo.App.2011). For a writ to issue, Relator must show a "clear, unequivocal specific right to a thing claimed" and the ministerial duty sought to be coerced must be definite and "arising under conditions admitted or proved and imposed by law." *Jamison,* 357 S.W.3d at 592.

### Point I—Transfer to Taney County

 Relator claims Greene County venue was proper per the general venue statute, § 508.010, so transfer to Taney County was an abuse of discretion. We need not parse the statute because Relator contractually agreed that venue would "only be proper in Taney County." Courts honor such agreements unless it is unfair or unreasonable to do so. *See Major v. McCallister,* 302 S.W.3d 227, 229 (Mo.App. 2009). Relator does not argue that this agreement was unfair or unreasonable, so it has not met its "heavy burden to show why it should not be held to its bargain," *id.,* or shown any abuse of discretion. Point I fails.[2]

### Point II—Failure to Transfer from Taney County

Relator also challenges the denial of its Rule 51.03 application. Transfers under that rule are usually viewed as routine matters of procedural right,[3] yet Point II fails on these facts for two reasons.

 First, even constitutional rights can be waived (*e.g.,* the right to jury trial, the privilege against self-incrimination, etc.), and this "right" does not rise to that level. To agree that "venue shall only be proper" in a given county is, at least *prima facie,* an agreement not to file or move a case elsewhere.

Second, Point II seeks a "change of venue to Greene County," alleging that "Relator's request for transfer of the venue to Greene County, Missouri should have been granted." Relator argues that the trial court "exceeded its jurisdiction and abused its discretion in its failure and refusal to sustain the application and order transfer of the case to Greene County, Missouri," and asks this court to "direct the venue be retransferred to Greene County...." Yet Relator fails to show that Rule 51.03 requires transfer to Greene County or how we could so dictate, when that rule "specifically limits the locations to which venue may be transferred, stating that the case shall only be transferred 'to some other county convenient to the parties, first giving all parties the opportunity to make suggestions as to where the case should be sent.'" *Winfrey,* 183 S.W.3d at 236–37 (quoting Rule 51.03(c)). We deny Point II and quash our preliminary order.

---

**2.** Although District was the only defendant that signed the venue agreement, and its petition asserted both tort and contract claims, "[w]hen a transfer of venue is ordered, the entire civil action shall be transferred unless a separate trial has been ordered." Rule 51.045(c). No party suggests that any separate trial was requested.

**3.** *See Nixon,* 282 S.W.3d at 365; *State ex rel. Audrain Healthcare, Inc. v. Sutherland,* 233 S.W.3d 217, 217 (Mo. banc 2007); *State ex rel. Lebanon Sch. Dist. R–III v. Winfrey,* 183 S.W.3d 232, 237 (Mo. banc 2006). *See also* Rule 51.045(d)(a Rule 51.045 venue change "shall not deprive a party of the right to a change of venue under Rule 51.03 if the civil action is transferred to a county having 75,-000 or fewer inhabitants.").