In the Missouri Court of Appeals
 Eastern District
 WRIT DIVISION SEVEN

STATE OF MISSOURI, EX REL. H.D., A
 ) No. ED109944
MINOR, BY AND THROUGH HIS NEXT )
FRIEND, MARIE DOBSON, RELATOR, ) Writ of Prohibition
 )
 ) CITY OF ST. LOUIS CIRCUIT COURT
vs. ) Cause No. 2122-CC00663
 )
HONORABLE JOAN MORIARTY, JUDGE )
OF THE TWENTY-SECOND JUDICIAL ) Filed: October 5, 2021
CIRCUIT, RESPONDENT. )

 Introduction

 Relator Marie Dobson as next friend of H.D., a minor, filed a petition for a writ of

prohibition challenging Respondent Judge Joan Moriarty’s order requiring her to join the Office

of the Attorney General as a party in her medical malpractice action. Relator argues

Respondent’s order was an abuse of discretion and contrary to binding Missouri Supreme Court

precedent. This Court issued a preliminary order in prohibition. Respondent has filed an answer

and suggestions in opposition. We dispense with further briefing as permitted by Rule 84.24(i).

The preliminary order is made permanent.

 Factual and Procedural History

 Relator filed a medical malpractice case on behalf of H.D. against Washington University

and St. Louis Children’s Hospital (“Defendants”). At about three weeks old, H.D. had several
medical problems requiring surgery. During treatment, H.D. was deprived of oxygen and

suffered severe permanent brain damage. Relator’s complaint included claims for punitive

damages and constitutional challenges to statutes prohibiting plaintiffs from recovering pre-

judgment and post-judgment interest in medical malpractice cases.

 Defendants moved to strike Relator’s claims for punitive damages and pre-judgment and

post-judgment interest. Defendants also argued Relator’s constitutional challenges required her

to join the Office of the Attorney General under Rule 87.04.1 On August 23, 2021, Respondent

stayed the motion to strike and ordered Relator to join and serve the Attorney General with a

copy of the proceedings within thirty days. Respondent reasoned:

 Missouri Supreme Court Rule 87.04 provides that when a statute is alleged to be

 unconstitutional, the Attorney General of the state shall be served with a copy of

 the proceeding and be entitled to be heard. The Court finds that the parties must

 notify the Attorney General pursuant to Rule 87.04 before the matter of the

 constitutionality of § 510.2612 and § 583.300, as well as allegations against the

 constitutionality of § 490.715, § 537.067, and § 538.210 can be decided.

 Relator challenges Respondent’s reasoning, arguing the Missouri Supreme Court has held

Rule 87.04 does not apply unless a plaintiff seeks declaratory judgment, which Relator has not

done. Relator contends this Court should grant the writ and hold she need not notify nor join the

Attorney General as a party.

1
 All rule references are to the Missouri Supreme Court Rules (2021), unless otherwise indicated.
2
 All statutory citations are to RSMo (2020), unless otherwise indicated.

 2
 Standard of Review

 We review the trial court’s order for abuse of discretion. State ex rel. Dewey & Leboeuf,

LLP v. Crane, 332 S.W.3d 224, 231 (Mo. App. W.D. 2010). A trial court “abuses its discretion

if its order is clearly against the logic of the circumstances, is arbitrary and unreasonable, and

indicates a lack of careful consideration.” Id. When an order is based on an erroneous

conclusion of law, then the order is subject to reversal. Id. Writs of prohibition or mandamus

are appropriate to “prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or

to prevent exercise of extra-jurisdictional power.” State ex rel. Lebanon Sch. Dist. R-III v.

Winfrey, 183 S.W.3d 232, 234 (Mo. banc 2006).

 Discussion

 Relator argues Rule 87.04 is limited only to declaratory judgment actions by its plain

language and Missouri Supreme Court precedent and is therefore inapplicable to her medical

malpractice action. Rule 87.04 provides:

 When declaratory relief is sought, all persons shall be made parties who have or

 claim any interest which would be affected by the declaration, and no declaration

 shall prejudice the rights of persons not parties to the proceedings. In any

 proceeding which involves the validity of a municipal ordinance or franchise,

 such municipality shall be made a party, and shall be entitled to be heard, and, if

 the statute, ordinance or franchise is alleged to be unconstitutional, the Attorney

 General of the state shall also be served with a copy of the proceeding and be

 entitled to be heard.

 3
 Relator notes the first clause of Rule 87.04 limits its application to declaratory relief and

emphasizes the Supreme Court reached the same conclusion in Mahoney v. Doerhoff Surgical

Servs., Inc., 807 S.W.2d 503, 506 (Mo. banc 1991). The Mahoney Court found all cases

construing Rule 87.04 involved declaratory judgment actions and held notice to the Attorney

General was unnecessary in constitutional challenges not involving declaratory judgments. Id.

Relator concludes Respondent’s order must be vacated because it directly conflicts with

Mahoney and the plain text of Rule 87.04.

 Defendants argue Relator’s constitutional claims are effectively declaratory judgment

actions, even if Relator does not name them as such. Defendants claim Relator does not “tie

each and every challenge to the medical negligence claims or damages that [Relator] is asserting

in this litigation.” Defendants argue broadly, “to the extent that Relator is seeking a declaration

of his rights under the statutes . . . beyond the direct application of the same to this case, the same

could be construed as a declaratory judgment action subject to Rule 87.04.” (emphasis added).

 We disagree with Defendants’ framing of Relator’s pleadings. Defendants qualify their

own argument with conditional language, implicitly conceding Relator’s constitutional claims

are not declaratory judgment actions if they are limited to the facts of Relator’s case. Contrary to

Defendants’ argument, Relator’s constitutional challenges are not declaratory judgment claims

masquerading as something else; they are limited in scope to the facts of Relator’s medical

malpractice action. Mahoney has never been overruled and is binding Missouri Supreme Court

precedent holding Rule 87.04 is limited to declaratory judgment actions. 807 S.W.2d at 506.

Mahoney is binding precedent on Respondent and on us. Because the underlying action is not a

 4
declaratory judgment action, Relator was not required to join or otherwise notify the Attorney

General under Rule 87.04.3

 Conclusion

 The preliminary order in prohibition is made permanent and Respondent is directed to

vacate the order instructing Relator to join or otherwise notify the Attorney General of the

underlying action.

 _______________________________
 Philip M. Hess, Presiding Judge

Sherri B. Sullivan, C.J. and
Robert M. Clayton III, Judge concur.

3
 In their response to the writ Defendants raised arguments contesting whether Relator could properly plead punitive
damages in an initial pleading under Section 510.261. These issues were stayed by the trial court and have not yet
been decided. They are therefore not properly before us. We decline to address them.

 5